FILED
United States Court of Appeals
Tenth Circuit

February 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff‑Appellee,

v.

MIJA SOPHIA LAWTON,

Defendant‑Appellant.

No. 10-3277
(D.C. No. 5:08-CR-40060-JAR-2)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **HOLMES**, Circuit Judges.

Mija Sophia Lawton pleaded guilty, pursuant to a plea agreement, to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i). The district court sentenced her to 70 months in prison, well below the Guidelines range of 121 to 151 months. The plea agreement contained a waiver of her right to appeal her conviction or any sentence imposed that did not depart upwards

---

[*]      This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from the applicable Guidelines range determined by the court. Nonetheless, Ms. Lawton filed a notice of appeal.

Relying on *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), the government has filed a motion to enforce the appeal waiver. Ms. Lawton's counsel took no position on the motion to dismiss, but asked generally that it be denied. Resp. at 1. Because counsel indicated, both in this response and in the docketing statement, that he intended to file an *Anders* brief on appeal, we gave Ms. Lawton the opportunity to file a pro se response to the motion to dismiss. *See Anders v. California*, 386 U.S. 738, 744 (1967). To date she has not done so.

We have conducted an independent review of the plea agreement, plea hearing transcript, sentencing hearing transcript, and motion to enforce. After doing so, we conclude that the requirements for enforcing the appeal waiver have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights"; (2) Ms. Lawton "knowingly and voluntarily waived [her] appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

Accordingly, we GRANT the government's motion to enforce the plea agreement, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM