FILED
United States Court of Appeals
Tenth Circuit

December 19, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENND CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff - Appellee, | No. 12-3240 |
| v. | (D. Kansas) |
| MIJA SOPHIA LAWTON, | (D.C. Nos. 5:12-CV-04078-JAR and 5:08-CR-40060-JAR-2) |
| Defendant - Appellant. | |

## ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

Defendant Mija Lawton seeks a certificate of appealability (COA) to appeal the ruling of the United States District Court for the District of Kansas denying as untimely her claim under 28 U.S.C. § 2255 that she was denied effective assistance of counsel. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). We deny a COA and dismiss the appeal.

## I.    BACKGROUND

In June 2009 Defendant pleaded guilty to money laundering. *See* 18 U.S.C. § 1956 (2012). Her plea agreement contained a waiver of her right to appeal or collaterally attack her conviction or sentence.

Defendant's attorney filed a notice of appeal on October 28, 2010. In an order and judgment, we granted the government's motion to enforce the plea agreement and dismissed the appeal. *See United States v. Lawton*, 414 F. App'x 152, 152–53 (10th Cir. 2011). On February 28, 2011, Defendant was mailed (and admits receiving) a copy of our order and judgment filed that day.

On May 8, 2012, Defendant sent the district court a letter advising that she was preparing to file a motion under § 2255 for ineffective assistance of counsel but that she did not have any transcripts or other court documents in her possession. She stated that she had tried unsuccessfully to contact her attorney and needed the court's help in obtaining the documents. The court issued an order denying her request on May 18, explaining that under 28 U.S.C. § 2250 a prisoner seeking postconviction relief cannot obtain free copies of court documents without first having filed a habeas action. Defendant had not yet filed any such action.

Defendant filed her § 2255 motion with the district court on June 13, 2012. The motion identifies six grounds for relief: (1) Defendant's first attorney was ineffective because she misled Defendant into believing that the government would offer a plea agreement to a term of a year and one day, which could be served by six months' imprisonment and six months' home confinement; (2) her first attorney was also ineffective in advising Defendant that she could avoid a ten-year mandatory minimum sentence only by accepting the government's plea

offer; (3) Defendant did not plead guilty knowingly or intelligently because she misunderstood the plea agreement and the charges against her, and her attorney failed to give her any guidance during the preparation of the presentence report; (4) Defendant's first attorney admitted her own ineffectiveness to Defendant by proposing that Defendant fire her so that the attorney could then testify to the breakdown in the attorney-client relationship and Defendant's difficulty in understanding the proceedings; (5) Defendant's second attorney was ineffective because he filed a tardy motion to withdraw and filed a notice of appeal and appellate brief without her knowledge and contrary to her understanding that she had no right to appeal; and (6) her first attorney was ineffective in advising her regarding a government offer of a 47-month sentence that Defendant rejected; Defendant asserted that she would have accepted the offer had she understood that because of good time, etc. she would have had to serve only about three years.

On the government's motion, the district court dismissed the § 2255 motion as untimely under the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2255(f). The court explained that because Defendant had appealed her conviction but had not filed a petition for a writ of certiorari with the Supreme Court, the conviction had become final when the time for filing a certiorari petition expired, which was 90 days after we filed the order and judgment dismissing Defendant's appeal. *See* *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000). That date was May

29, 2011. Defendant therefore had to file her § 2255 motion by May 29, 2012, about two weeks before she actually filed.

Defendant argued that the limitations period should be equitably tolled because she had made "every possible attempt" to seek relief on her ineffective-assistance claims and because her attorney had abandoned her, leaving her without guidance on § 2255's procedural requirements. R., Vol. I at 56. But the district court ruled that she had not diligently pursued her claims or shown that some extraordinary circumstance had thwarted her from timely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). In particular, it ruled that Defendant's legal error in calculating the limitations period was not an extraordinary circumstance. *See Marsh*, 223 F.3d at 1220 ("[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)). The court therefore dismissed Lawton's § 2255 motion as time barred.

Defendant seeks to appeal the denial of her § 2255 motion on grounds 1, 2, 3, 5, and 6.

## II. DISCUSSION

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. . . . Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court's rulings were indisputably correct. We discuss only some arguments not addressed by that court.

Defendant insists that her motion was timely because the calculation of when her conviction became final should be based on the date that our mandate issued rather than when we filed our order and judgment. Citing our recent decision in *United States v. Mendoza*, 698 F.3d 1303 (10th Cir. 2012), she points out that the district court's docket reflects only the March 22 issuance of our mandate on her direct appeal and not the filing of our February 28 order and judgment, and she says that she relied on the docket in calculating the limitations period. But *Mendoza* is not relevant. It construed Rule 4(b) of the Federal Rules of Appellate Procedure, which states that an appeal in a criminal case must be filed within 14 days of the entry of judgment, *see* Fed. R. App. P. 4(b)(1)(a), and that a judgment is entered when it is "entered on the criminal docket," *id.* 4(b)(6). We held that entry on a docket for a court's internal use and not publicly

available does not constitute entry "on the criminal docket." *Mendoza*, 698 F.3d at 1304 (internal quotation marks omitted). Here, however, the statute of limitations, unlike Rule 4(b), does not rely on an entry on a court's docket. And, perhaps more importantly, this court's decision was entered on this court's docket; entry on the district court's docket was unnecessary.

Defendant next suggests that even if her § 2255 motion was untimely, it should relate back to her May 8 letter requesting transcripts and other documents from the district court. But the request for help in obtaining documents cannot reasonably be construed as a § 2255 motion.

Finally, Lawton relies on the Supreme Court's March 2012 decisions in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), to take advantage of the trigger date for the limitations period set forth in § 2255(f)(3). Under that provision the one-year limitation period for filing a § 2255 motion does not begin until "the date on which the right asserted was initially recognized by the Supreme Court, *if that right has been newly recognized by the Supreme Court* and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3) (emphasis added). *Lafler* and *Frye* held that the Sixth Amendment right to counsel is violated when a defendant receives a harsher sentence as a result of her attorney's constitutionally deficient advice to reject a plea bargain, *see Lafler*, 132 S. Ct. at 1383, 1390–91, or as a result of her attorney's failure to inform her of a plea offer from the government, *see Frye*,

132 S. Ct. at 1404, 1410–11.  But neither decision announced a "newly

recognized" right.  Several circuit courts have so held.  *See In re King*, 697 F.3d

1189, 1189 (5th Cir. 2012) (per curiam)*; Hare v. United States*, 688 F.3d 878–80

(7th Cir. 2012)*; Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012);

*In re Arras*, No. 12-2195 (10th Cir. Dec. 11, 2012) (denying authorization to file

a second or successive § 2255 motion because neither *Lafler* nor *Frye* established

a new rule of constitutional law); *In re Perez*, 682 F.3d 930, 932–34 (11th Cir.

2012).  Indeed, before *Lafler* and *Frye* this court granted habeas relief on such a

claim in *Williams v. Jones*, 571 F.3d 1086, 1091 (10th Cir. 2009), relief that we

could not have granted if based on a newly recognized right, *see Danforth v.*

*Minnesota*, 552 U.S. 264, 266 & n.1 (2008).  And the Supreme Court could not

have granted relief in *Lafler* itself if it were recognizing a new right.  *See Lafler*,

132 S. Ct. at 1395–96 (Scalia, J., dissenting) (pointing out that habeas relief

cannot be granted under 28 U.S.C. § 2254 unless the state court's decision was

contrary to, or involved an unreasonable application of, *clearly established*

*federal law* as determined by the Supreme Court).  Thus, the extension of the

limitations period provided by § 2255(f)(3) did not apply to Defendant's case.

## III. CONCLUSION

We deny a COA and dismiss the appeal.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge