**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ANTONIO GUTIERREZ,

    Defendant - Appellant.

No. 20-2115
(D.C. Nos. 1:19-CV-01100-WJ-KRS &
1:12-CR-02222-WJ-KRS-1)
(D. N.M.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

Petitioner-Appellant Antonio Gutierrez, a federal inmate appearing pro se, seeks a Certificate of Appealability (COA) from the district court's dismissal of his motion under 28 U.S.C. § 2255. To obtain a COA he must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Where a claim has been denied on procedural grounds, the movant must

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

additionally demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Mr. Gutierrez has failed to make either showing and therefore we deny his request for a COA.

In 2014, Mr. Gutierrez was convicted on three counts of producing child pornography in violation of 18 U.S.C. §§ 2251(a) and 2256. His conviction was affirmed on direct appeal and no rehearing petition was filed. United States v. Gutierrez, 625 F. App'x 888, 890 (10th Cir. Sept. 14, 2015). For purposes of determining when the statutory period for filing a § 2255 motion commenced, his conviction became final when the order and judgment issued, not when the mandate did. United States v. Lawton, 506 F. App'x 722, 725 (10th Cir. 2012). Accordingly, the conviction became final in December 2015 following expiration of the ninety-day period for seeking federal certiorari review. See United States v. Hurst, 322 F.3d 1256, 1259 (10th Cir. 2003).

Mr. Gutierrez filed his motion on November 25, 2019, several years later. The district court afforded him an opportunity to show why it would not be time-barred, but he failed to respond. United States v. Gutierrez, 2020 WL 2745457, at *2 (D.N.M. 2020). In seeking to appeal, Mr. Gutierrez argues that he lacked the requisite *mens rea* to commit the crimes due to diminished capacity from opiate use.

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. See 28 U.S.C. § 2255(f). Mr. Gutierrez fails to plead any of the exceptions to the one-year limitation period. See 28 U.S.C. § 2255(f)(2)–(4). The district court's conclusion that the motion is time-barred is not

2

reasonably debatable. Mr. Gutierrez's suggestion that the limitations period should be tolled based on his claim of actual innocence due to cognitive impairment from opiate use does not make the district court's conclusion reasonably debatable. <u>See</u> <u>Lopez v. Trani</u>, 628 F.3d 1228, 1231 (10th Cir. 2010) (noting that the actual innocence exception is only for extraordinary cases).

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge