In the

# United States Court of Appeals

## For the Seventh Circuit

No. 12-2680

WAYNE M. HARE,

*Petitioner*,

*v.*

UNITED STATES OF AMERICA,

*Respondent.*

On Motion for an Order Authorizing
the District Court to Entertain
a Second or Successive Motion
for Collateral Review.

SUBMITTED JULY 24, 2012—DECIDED AUGUST 6, 2012

Before CUDAHY, MANION, and HAMILTON, *Circuit Judges.*

HAMILTON, *Circuit Judge.* Wayne Hare pled guilty during trial to being part of a methamphetamine distribution conspiracy and was sentenced to 292 months in prison. According to Hare, he later learned that his counsel had failed to tell him of a pre-trial plea offer from the government — one involving significantly less prison time than he received in the end. Hare has

already tried once and failed to win relief from his conviction and sentence under 28 U.S.C. § 2255 on other grounds. He now seeks permission to file a successive collateral attack on his sentence pursuant to 28 U.S.C. § 2255(h), claiming that his counsel provided ineffective assistance by failing to inform him of the earlier plea offer. Hare does not point to new evidence of his innocence, so to file a successive petition, he must rely on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). He relies on the Supreme Court's recent decision in *Missouri v. Frye*, 132 S. Ct. 1399 (2012), which also involved a failure to communicate a plea offer for a lower sentence than the defendant actually received when he later pled guilty.

*Frye* does not support Hare's request for a successive motion because it did not announce a new rule of constitutional law. The *Frye* Court merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985). See *Frye*, 132 S. Ct. at 1409 ("This application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*."); see also *In re Perez*, 682 F.3d 930, 932-33 (11th Cir. 2012) (concluding *Frye* did not announce new rule of constitutional law that would allow successive motion under § 2255(h)).

Neither *Frye* nor its companion case, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), directly addressed the old

rule/new rule question, but the Court's language repeat-edly and clearly spoke of applying an established rule to the present facts. More important, the Court's actions show that it was applying an old rule that the state courts had misapplied. *Frye* and *Cooper* were both decided in the state post-conviction context, where state courts ordinarily are not held to proper application of *new* rules. See *Teague v. Lane*, 489 U.S. 288 (1989). We will not assume that the Court believed it was con-tradicting the Antiterrorism and Effective Death Penalty Act and *Teague* by retroactively applying in a collateral proceeding a new rule that it had just announced. See *Perez*, 682 F.3d at 933-34; but see *Cooper*, 132 S. Ct. at 1392, 1395 (Scalia, J., dissenting) (arguing that *Frye* and *Cooper* announced new rules).

Hare relies on dicta in *United States v. Moya*, 676 F.3d 1211, 1214 (10th Cir. 2012), suggesting that the Court "articulated a new standard for showing prejudice" in *Frye* by setting forth a "more general test." But as the Tenth Circuit also pointed out, *Frye* explicitly reaf-firmed *Hill* as applied to its facts. *Id.* The standard in *Frye* differs only to the extent that the procedural facts differed. In *Hill* the defendant went to trial on de-fective advice, and in *Frye* the defendant pled guilty on defective advice. This difference required the Court to look "not at whether the defendant would have pro-ceeded to trial absent ineffective assistance but whether he would have accepted the offer to plead pursuant to the terms earlier proposed." *Frye*, 132 S. Ct. at 1410. Both *Hill* and *Frye* apply "*Strickland*'s inquiry into whether 'the result of the proceeding would have been different' "

to a reasonable probability. *Id.*, quoting *Strickland*, 466 U.S. at 694.

We recognized long ago the potential for ineffective assistance claims arising from uncommunicated plea offers. See *Johnson v. Duckworth*, 793 F.2d 898, 902 (7th Cir. 1986) (counsel failed to let defendant decide whether to accept or reject plea offer; denying relief based on "unique circumstances" of defendant's youth and confusion, and counsel's decision to reject plea offer based on consultations with defendant's parents). Since *Johnson* we have recognized the right to effective assistance in the plea negotiation process in various factual circumstances. See, *e.g.*, *Paters v. United States*, 159 F.3d 1043 (7th Cir. 1998) (legally faulty advice about plea offer and defendant's options); *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005) (recognizing that faulty advice to reject plea offer may satisfy *Strickland* performance prong). We are not alone in this, as the Supreme Court noted in *Cooper*, citing cases from ten circuits. 132 S. Ct. at 1385. This prevailing view among the circuits is further evidence that the rule announced in *Frye* was dictated by the Constitution and by prior Supreme Court precedents and was therefore not new. Hare cannot bring a successive collateral attack under § 2255(h)(2) because the rule governing his claim was established at the time of his first collateral attack.[1]

---

[1] Because the *Frye* rule is not new to our circuit or to the Supreme Court, we express no opinion on whether an

(continued...)

We must address one other issue. Hare points out that, as a matter of fact, he could not have included the present claim of ineffective assistance in his first § 2255 petition because he did not learn of the uncommunicated plea offer until after the district court had already rejected that first petition. Although the claim may have been legally available to him in theory, he says he did not have the factual knowledge he needed to bring it.[2] Hare asserts he first received a copy of the government's plea offer through a generalized Freedom of Information Act request. From what we can discern from the limited record available to us on this motion, Hare's assertion seems plausible. We could remand for

---

[1] (...continued)

otherwise new rule announced by the Supreme Court could nevertheless be ineligible as a basis for successive collateral attacks under the third clause of § 2255(h)(2) — at least in those circuits that had anticipated the Supreme Court's decision and had made the rule "previously available" in that circuit.

[2] We have held that the "newly discovered evidence" exception in § 2255(h)(1) applies to evidence that concerns guilt — which Hare admitted — not sentencing. See *Banks v. United States*, 167 F.3d 1082, 1083 (7th Cir. 1999) (claim based on errors in sentencing not within § 2255(h)(1)); see also *Burris v. Parke*, 130 F.3d 782, 785 (7th Cir. 1997) (new arguments concerning sentencing not within § 2244(b)(2)(B)(ii)). Thus there is no "actually innocent of the sentence" exception in § 2255(h). See also *Taylor v. Gilkey*, 314 F.3d 832, 835-36 (7th Cir. 2002) (foreclosing use of § 2241 to reach a new claim of ineffective assistance in sentencing that was barred by § 2255(h) because it was not included in the first collateral petition).

further proceedings on this issue, but that is not necessary because Hare is now procedurally barred from pursuing his claim further.

Hare first raised the issue of the uncommunicated plea offer in his *pro se* June 3, 2004 motion under Rule 60(b). The district court construed that motion as a successive § 2255 petition and dismissed it for lack of jurisdiction because Hare did not ask for and obtain our approval to file a successive collateral attack. Hare filed a timely motion to reconsider under Rule 59(e), which the district court also rejected. We affirmed those dispositions in June 2006 in an unpublished order. See also *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996) ("No matter how powerful a petitioner's showing, only this court may authorize the commencement of a second or successive petition."); *Curry v. United States*, 307 F.3d 664, 666 (7th Cir. 2002) (noting that a Rule 59(e) motion attacking the denial of a successive collateral attack should itself be construed as a successive attack). Hare's Rule 60(b) and Rule 59(e) motions were in fact successive collateral petitions and were correctly dismissed because they were not authorized.[3]

---

[3] Our cases make clear that we look at the substance of a motion rather than its title to determine whether it is a successive collateral attack. *E.g.*, *United States v. Woods*, 169 F.3d 1077, 1079 (7th Cir. 1999); *Burris v. Parke*, 130 F.3d at 785 (Rule 60(b) motions construed as collateral attack); see also *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998) (noting the "trend among circuit courts to look beyond the

(continued...)

Hare did not directly appeal his original conviction, instead choosing to file a § 2255 petition in which he asserted several claims, including ineffective assistance, none of which had merit. In 2004, after discovering yet another way his counsel may have been ineffective (by failing to communicate the plea offer), Hare did not seek permission from our court to file a successive petition, as he was required to do. Such a request for certification might have been denied for presenting claims beyond the scope of the limited § 2255(h) exceptions even in light of the newly discovered facts. Unless an exception applies, § 2255 grants one round of collateral review, not one round per unique claim. But we were not asked. The question was not properly before us then and we will not decide it now. Nor did Hare appeal to the Supreme Court or otherwise object in 2006 when we affirmed the denial of his unauthorized petition. Six years have passed. This time Hare did apply to our court for leave to file, but his current petition has not been diligently pursued and is time-barred under § 2255(f). *Johnson v. Robert*, 431 F.3d 992 (7th Cir. 2005) (applying timeliness rules to claims proposed in an application under § 2244(b)).

This may seem like a hard result, perhaps made harder by the fact that Hare has been trying *pro se* to raise seem-

---

3  (...continued)
formal title affixed to a motion if the motion is the functional equivalent" of a § 2255 motion). We do this to police attempted end-runs around the successive petition limitations of § 2255 by restyling motions in different ways.

ingly credible claims of ineffective assistance from counsel. But there are limits to our ability to accommodate a defendant's failure to follow the procedures established by Congress with the intent of encouraging finality and limiting most defendants to one round of collateral review, especially when there is no plausible claim of actual innocence. The claims Hare now asserts under *Frye* have been available to him since before he pled guilty, and he has known about the uncommunicated plea offer for eight years. The Supreme Court's recent decisions in *Frye* and *Cooper* may have reminded Hare of this issue, but they did not create a new rule of law and do not excuse his prior failure to seek permission to file his prior successive petitions.

Accordingly, we DENY authorization and DISMISS the application for permission to file a successive collateral attack.