**In re Richard M. KING, Jr., Movant.**

No. 12–40772.

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 2012.

Richard M. King, Jr., Beeville, TX, pro se.

Before KING, CLEMENT and HIGGINSON, Circuit Judges.

PER CURIAM:

Richard M. King, Jr., Texas prisoner # 810257, has filed a motion for authorization to file a successive 28 U.S.C. § 2254 application challenging his 1997 conviction for aggravated sexual assault of a child. King seeks to raise claims that counsel rendered ineffective assistance because she (1) improperly advised King to reject a plea offer of 20 years and (2) failed to inform him of a 12–year plea offer.

Before King may file a second or successive § 2254 application, he must show that his proposed claims rely on either new evidence or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable." 28 U.S.C. § 2244(b)(2), (b)(3)(C). He does not propose to assert any claim based on new evidence. Rather, King contends that two Supreme Court decisions, *Lafler v. Cooper,* —— U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and *Missouri v. Frye,* —— U.S. ——, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), provide new rules of constitutional law that afford him relief. *See* § 2244(b)(2)(A).

However, we agree with the Eleventh Circuit's determination in *In re Perez,* 682 F.3d 930, 933–34 (11th Cir.2012), that *Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context. *See United States v. Rich,* 141 F.3d 550, 554 (5th Cir.1998). King fails to make a prima facie showing that his proposed claims rely on new evidence or a new rule of constitutional law as required by § 2244(b)(2).

IT IS ORDERED that his motion for leave to file a second or successive § 2254 application is DENIED.