# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs February 26, 2013

## GARY K. THOMAS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Hamilton County**
**No. 285084    Rebecca J. Stern, Judge**

**No. E2012-02086-CCA-R3-PC - Filed March 15, 2013**

The Petitioner, Gary K. Thomas, appeals from the summary dismissal of his petition for post-conviction relief attacking his January 2005 conviction for simple assault. The Petitioner's August 2012 petition for post-conviction relief, alleging that his trial counsel was ineffective and that his plea was not voluntary, was dismissed as untimely. On appeal, the Petitioner contends that trial counsel was ineffective for failing to file an appeal after he requested such action. Following our review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Gary K. Thomas, Talladega, Alabama, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Leslie E. Price, Senior Counsel, for the appellee, State of Tennessee.

## OPINION
### FACTUAL BACKGROUND

On January 27, 2005,[1] the Petitioner pled guilty to simple assault in exchange for a probated sentence of eleven months and twenty-nine days. The Petitioner was initially charged with aggravated assault. The officer, in the affidavit of complaint, alleged that he responded to a "disorder call" on October 15, 2003, and upon arrival, he spoke with Allen Murphy ("the victim"). The victim advised that the Defendant "came by his shop and pulled

---

[1] Only the signed and dated plea petition appears in the record on appeal; however, the judgment form is not contained therein.

a knife on him and [stated,] 'I'll cut you.'" The Petitioner did not directly appeal his conviction. We glean from the post-conviction petition that the Petitioner is presently incarcerated on a federal charge for a period of some "months."[2]

On August 28, 2013, approximately five months after the United States Supreme Court issued its decisions in Missouri v. Frye, -- U.S. --, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, -- U.S. --, 132 S. Ct. 1376 (2012), the Petitioner filed a petition for post-conviction relief, alleging that his trial counsel was ineffective and that his plea was not voluntary. In Frye, the Supreme Court held that trial counsel had a duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused and that, in that case, counsel was deficient for failing to communicate to the petitioner the prosecutor's written plea offer before it expired. 132 S. Ct. at 1408-09. The Supreme Court held in Lafler that the petitioner was prejudiced by trial counsel's deficient performance in advising the petitioner to reject the plea offer and go to trial under the circumstances presented there, when the Petitioner received a harsher sentence following trial than he had been offered in exchange for a plea. 132 S. Ct. at 1390-91. The Court determined that the proper remedy for counsel's ineffective assistance was to order the State to reoffer the plea agreement, and then, if the petitioner accepted the offer, the state trial court could exercise its discretion regarding whether to resentence. Id.

Here, as grounds for relief, the Petitioner alleged the following in his post-conviction petition: (1) neither trial counsel nor the trial court "advised him that the simple assault conviction would be used to enhance his sentence in the future either for federal or state proceeding[s]"; and (2) trial counsel "was ineffective for advising him to plead guilty of the lesser charge of simple assault when in fact the case could have been won had [they] went to trial after [he] express[ed] wanting to go to trial, but 'counsel stated that the conviction would not show up on his record.'" He further asserted that there was "no way a jury would have found him guilty of a[n] aggravated assault when there was no harm involved[,]" providing "that there was know [sic] harm nor weapon involved in the dispute against the victim, only a verbal dispute took place."[3] The Petitioner did not acknowledge that his

---

[2] The Petitioner appears to be referring to the following federal conviction: "By judgment entered August 16, 2008, [the Petitioner] was sentenced to a term of imprisonment of 121 months pursuant to his guilty plea to conspiracy to manufacture and distribute 500 grams of methamphetamine[.]" See Gary K. Thomas v. United States, Nos. 1:07-cr-84, 1:09-cv-305, 2010 WL 419957, at *1 (E.D. Tenn. Jan. 29. 2010) (motion to vacate, set aside or correct sentence dismissed as untimely).

[3] A transcript of the guilty plea hearing was neither attached to the petition nor included in the record on appeal.

petition was filed outside the one-year statute of limitations anywhere in the petition.[4]

In an order filed on September 20, 2012, the post-conviction court summarily dismissed the petition. The court summarized the Petitioner's allegations for post-conviction relief as follows:

(1) that he was charged with aggravated assault;
(2) that his dispute with the victim was solely verbal and did not involve an injury or a weapon;
(3) that his counsel advised him to plead guilty to the lesser offense of simple assault, despite his preference for a trial and the certainty of success at trial, and told him that the conviction would not appear on his record;
(4) that the [c]ourt did not inform him of the possible effect of the conviction on any future sentence;
(5) that, as a consequence, under Lafler v. Cooper . . . and Missouri v. Frye . . . , he did not receive effective assistance of counsel and his plea was involuntary or unintelligent; and
(6) that he has some months yet to serve on a federal sentence.

The post-conviction court then determined that the petition was barred by the one-year statute of limitations and that the petition did not state an exception, either statutory or due process-based tolling, to the limitations period. The Petitioner filed a timely notice of appeal. In the notice of appeal document, the Petitioner stated that he "would like to assert that he informed his counsel to file a notice of appeal about the matter, but [counsel] failed to do so."

## ANALYSIS

On appeal, the Petitioner reasserts his grounds for relief stated in the petition for post-conviction relief, ineffective assistance and an involuntary plea, his main grievance being that this simple assault conviction, contrary to what trial counsel told him, was used to enhance his federal sentence. He again asserts that, had the case proceeded to trial as he requested, there was "no way a jury would have found him guilty" because "know [sic] harm nor weapon was involved in the dispute against the victim, only a verbal dispute took place." He further submits that "the Supreme Court case[s] of Lafler v. Cooper and Missouri v. Frye[] are in accord with when counsel advised him to take the lesser charge, and [the Petitioner] also ask[ed] to proceed to trial based upon the evidence in the matter." Nowhere in his initial brief to this court does he address the statute of limitations.

---

[4] On the copy of the petition included in the appellate record, it appears that something was written in response to the question asking about one-year statute of limitations, but that response was deleted.

The State responds that the post-conviction court properly determined that the petition was filed well outside the one-year statute of limitations and that there was no basis for tolling of the limitations period, either statutory or due process-based. The State elaborates that the constitutional right at issue in Lafler and Frye–ineffective assistance of counsel–was fully recognized when the Petitioner pled guilty in 2005; thus, those cases do not retroactively apply to the Petitioner's case, thereby rendering the petition untimely.

In his reply brief, the Petitioner specifically addresses the statute of limitations issue for the first time, acknowledging that his petition was filed outside the limitations period. He states that "the main reason" his petition is untimely is because of trial counsel's "failure to file a requested notice of appeal, after the fact [the Petitioner] told [counsel] he did not like the sentencing options, when in fact [the Petitioner] did not commit a crime nor would a jury have found him guilty [at] trial." The Defendant relies on the case of Roe v. Flores-Ortega, 528 U.S. 470 (2000), which holding he cites as follows: "When counsel fails to file a requested notice of appeal in the defendant[']s favor even if the appeal would have[] prevailed or not, counsel is ineffective for failing not to file a[] requested notice of appeal."

Post-conviction relief is only warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this court, with no presumption of correctness. Id. at 457.

Tennessee's Post-Conviction Procedure Act provides that a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of such petition shall be barred." Tenn. Code Ann. § 40-30-102(a). The statute provides that the limitations period "shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity." Tenn. Code Ann. § 40-30-102(a). Failure to file within the limitations period removes the case from the court's jurisdiction. Tenn. Code Ann. § 40-30-102(b).

The statute then lists circumstances under which the limitations period may be tolled:

(1) The claim in the petition is based upon a final ruling of an appellate court

-4-

establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States [S]upreme [C]ourt establishing a constitutional right that was not recognized as existing at the time of trial;

(2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or

(3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

Tenn. Code Ann. § 40-30-102(b). Tennessee courts have also recognized that, in certain circumstances, strict application of the statute of limitations would deny a petitioner the reasonable opportunity to bring a post-conviction claim and that, in these instances, due process requires the tolling of the statute of limitations. See Williams v. State, 44 S.W.3d 464 (Tenn. 2001); State v. Nix, 40 S.W.3d 459 (Tenn. 2001); Sands v. State, 903 S.W.2d 297 (Tenn. 1995); Burford v. State, 845 S.W.2d 204 (Tenn. 1992); Crawford v. State, 151 S.W.3d 179 (Tenn. Crim. App. 2004).

The Petitioner alleges no basis for applying a statutory exception to the one-year statute of limitations[5] and no adequate basis for tolling the running of the statute on due process grounds. As his only argument for tolling, he cites to Roe v. Flores-Ortega, 528 U.S. 470 (2000), stating that "the main reason" his petition is untimely is because of trial counsel's "failure to file a requested notice of appeal, after the fact [the Petitioner] told [counsel] he did not like the sentencing options, when in fact [the Petitioner] did not commit a crime nor would a jury have found him guilty [at] trial."

---

[5] While the Petitioner's language is somewhat confusing in his reply brief, he states that he is not relying on Lafler v. Cooper or Missouri v. Frye for any tolling argument. The exact language in his reply brief is as follows: "[The Petitioner] as disputes the fact that he is not relying on the fact that Lafler v. Cooper and Missouri v. Frye, both Supreme Court cases that address the issues of counsel[']s ineffectiveness during plea and trial proceedings." We feel constrained to note that the State correctly cites to several federal circuit court cases that hold that neither Lafler or Frye announced a new constitutional rule of law and, thus, the holdings in those two case were not entitled to retroactive application. United States v. Mija Sophia Lawton, No. 12-3240, 2012 WL 6604576, at *3 (10th Cir. 2012); In re King, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); Hare v. United States, 688 F.3d 878-80 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012).

In Flores-Ortega, the defense attorney failed to file an appeal. 528 U.S. at 474. Flores-Ortega attempted to file a notice of appeal about four months after sentencing, which was denied as untimely. Id. Flores-Ortega then sought state habeas corpus relief, which was unavailing. Id. The question posed in Flores-Ortega was "[i]s counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or the other?" Id. at 477. Addressing the merits of the underlying petition, the Supreme Court held that a claim of ineffective assistance of counsel with respect to advice and consultation regarding right to appeal, that is promptly raised by the prisoner, may be a basis for habeas corpus relief in the form of permission to file a late appeal. Id. at 484-87.

While the failure to file an appeal if requested by a client is a very serious matter, as explained in Flores-Ortega, the Flores-Ortega decision did not involve the one-year limitations period for post-conviction relief and does not bear upon the relevant issue before this court of whether the post-conviction petition is time-barred by operation of Tennessee Code Annotated section 40-30-102. The petition, filed over seven years after the Petitioner entered his plea, is time-barred. Accordingly, we affirm the order of the post-conviction court.

## CONCLUSION

In consideration of the foregoing and the record as a whole, the judgment of the post-conviction court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE