IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 5, 2013

**BRUCE L. ROBINSON v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Lauderdale County**
**No. 6484      Joseph H. Walker, III, Judge**

**No. W2012-01401-CCA-R3-PC - Filed May 2, 2013**

The petitioner, Bruce L. Robinson, appeals the dismissal of his petition for post-conviction relief as time-barred, arguing that the United States Supreme Court's recent holding in Missouri v. Frye, __ U.S. __, 132 S. Ct. 1399 (2012), established a new constitutional right that did not exist at the time of his guilty pleas, thereby requiring retroactive application. Following our review, we affirm the judgment of the trial court summarily dismissing the petition as time-barred.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and CAMILLE R. MCMULLEN, JJ., joined.

Bruce L. Robinson, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Senior Counsel; D. Michael Dunavant, District Attorney General; and Julie K. Pillow, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

On June 9, 1999, the petitioner pled guilty to two counts of first degree felony murder, two counts of attempted first degree murder, and one count of especially aggravated burglary and was sentenced to an effective term of life imprisonment. No direct appeal was filed.

On June 11, 2012, the petitioner filed a *pro se* petition for post-conviction relief in which he raised claims of ineffective assistance of counsel and involuntary and unknowing

guilty pleas. As for his ineffective assistance of counsel claim, he alleged that counsel was ineffective for failing to fully investigate the case, failing to adequately explain the nature and consequences of his pleas, and failing "to timely communicate formal offers from the prosecution." The petitioner asserted that his petition should be permitted pursuant to Tennessee Code Annotated section 40-30-102(b) because Missouri v. Frye, which was released less than a year prior to his filing of his petition, established a new constitutional law requiring retroactive application. On June 18, 2012, the post-conviction court summarily dismissed the petition on the basis that it was untimely and that there was "no contest" that counsel communicated the plea offers from the State. This appeal followed.

## ANALYSIS

The petitioner argues that the post-conviction court erred by summarily dismissing the petition as untimely because Frye established a new constitutional right requiring retroactive application. The State disagrees, arguing that the post-conviction court properly dismissed the petition because the decision in Frye was an application of the Sixth Amendment right to counsel as defined in Strickland v. Washington, 466 U.S. 668 (1984), and not the establishment of a new constitutional right. We agree with the State.

Post-conviction relief is warranted when a petitioner establishes that his or her conviction is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-103. The burden in a post-conviction proceeding is on the petitioner to prove the factual allegations in support of his or her grounds for relief by clear and convincing evidence. Tenn. Code Ann. § 40-30-110(f); Dellinger v. State, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the post-conviction court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law, however, are subject to *de novo* review with no presumption of correctness. Id. at 457.

Under the Post-Conviction Procedure Act, a claim for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." Tenn. Code Ann. § 40-30-102(a) (2012).

The post-conviction statute contains a specific anti-tolling provision:

The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity. Time is of the essence of the right to file a petition for post-conviction relief or motion to

reopen established by this chapter, and the one-year limitations period is an element of the right to file the action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief or a motion to reopen under this chapter shall be extinguished upon the expiration of the limitations period.

Id.

Subsection (b) of the statute sets forth the three narrow exceptions under which an untimely petition may be considered, which includes when

(1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the highest state appellate court or the United States supreme court establishing a constitutional right that was not recognized as existing at the time of trial[.]

Id. § 40-30-102(b)(1). In addition, principles of due process may allow for the tolling of the statute of limitations in limited circumstances. See Seals v. State, 23 S.W.3d 272, 279 (Tenn. 2000) ("[W]e conclude that while the one-year statute of limitations set forth in Tenn. Code Ann. § 40-30-202(a) does not violate due process on its face, application of the statute must not deny a petitioner a reasonable opportunity to raise a claim in a meaningful time and manner."); see also Williams v. State, 44 S .W.3d 464, 468 (Tenn. 2001); Burford v. State, 845 S.W.2d 204, 208 (Tenn. 1992).

In Frye, the United States Supreme Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S. Ct. at 1408. The court noted that

In order to complete a showing of Strickland prejudice, defendants who have shown a reasonable probability they would have accepted the earlier plea offer [which counsel failed to communicate] must also show that, if the prosecution had the discretion to cancel it or if the trial court had the discretion to refuse to accept it, there is a reasonable probability neither the prosecution nor the trial court would have prevented the offer from being accepted or implemented.

Id. at 1410.

Initially, we note that the petitioner alleges in his petition only that trial counsel failed "to timely communicate formal offers from the prosecution," without alleging that counsel allowed a plea bargain offer to expire without communicating it to him, that he would have accepted an earlier plea bargain offer with more favorable terms, or that an earlier, lapsed plea bargain "would have been entered without the prosecution canceling it or the trial court refusing to accept it[.]" Id. at 1409. We, thus, agree with the post-conviction court that Frye is inapplicable to the petitioner's case.

Moreover, as the State correctly points out in its brief, other courts that have addressed this issue have concluded that Frye did not establish a new constitutional right but instead merely applied the Strickland standard for determining ineffective assistance of counsel claims to the plea negotiation process, specifically, counsel's duty to communicate formal plea offers to the defendant. See, e.g., Buenrostro v. United States, 697 F.3d 1137, 1139 (9th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012); Hare v. United States, 688 F.3d 878, 879 (7th Cir. 2012); In re Perez, 682 F.3d 930, 932 (11th Cir. 2012); Marcus Stovall v. United States, Nos. 1:12-cv-377, 1:02-cr-32, 2013 WL 392467, at *2 (E.D. Tenn. Jan. 31, 2013) ("Indeed, neither the Frye or Lafler [v. Cooper, 132 S. Ct. 1376 (2012)] case constitute a new rule as they merely applied the Sixth Amendment right to effective assistance of counsel claims according to the test first articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and established in the plea bargaining context in Hill v. Lockhart, 474 U. S. 52, 57, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Since Frye and Lafler were decided, it appears the courts addressing this issue have held that neither case created a new constitutional right to be applied retroactively.") (citations omitted).

We, likewise, conclude that Frye did not announce a new rule of constitutional law to be applied retroactively. We, therefore, affirm the judgment of the post-conviction court summarily dismissing the petition on the basis that it was filed outside the one-year statute of limitations and the petitioner has not shown any reason for the statute of limitations to be tolled.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court summarily dismissing the petition for post-conviction relief.

_____
ALAN E. GLENN, JUDGE