| Applicant, Stephen Bradley, III, seeks review of a trial court judgment denying his application for post-conviction relief. Bradley was found guilty of manslaughter in September 1995 and was sentenced as a third-felony offender to 35 years at hard labor without benefits. His conviction and sentence were affirmed. State v. Bradley, 9628953 (La.App.2d Cir.4/2/97), 693 So.2d 15 (unpublished), writ denied, 97-0959 (La.10/3/97), 701 So.2d 196.
On August 29, 2012, he filed an application for post-conviction relief, claiming that his trial counsel was ineffective for failing to “communicate and/or insure petitioner had received communications of the plea offered by the state.” He contended that he only learned about the plea offer through the assistance of the Louisiana Attorney Disciplinary Board.
In support of his contention, he attached four exhibits. One was a copy of an April 19, 1995 letter from an assistant district attorney communicating a plea offer to Bradley’s counsel that would remain good until May 17, 1995. Another attachment was a copy of a May 21,1998 letter from a deputy disciplinary counsel of the Louisiana Attorney Disciplinary Board informing Bradley’s counsel that a complaint had been filed against him by Bradley and requesting a response.
|2A significant additional attachment was a copy of a letter dated March 29, 2006 *566 from Bradley’s counsel to practice assistance counsel of the Louisiana State Bar Association, which appears to address another bar complaint by Bradley against his counsel. That letter states that after Bradley’s counsel had reviewed his file and Bradley’s complaint, he noted that “the basis of Mr. Bradley’s complaint involves materials which he was provided as his case was progressing through the courts....” As evidence, counsel attached to his letter several items, including a copy of the April 19, 1995 plea offer letter. In this regard counsel stated, “I sent Mr. Bradley a copy of the Prosecutor’s April 19, 1995 plea offer with my cover letter of April 20, 1995, both of which are also enclosed.” The March 2006 letter stated that also attached was a copy of Bradley’s 1998 bar complaint as evidenced by the May 21,1998 letter from disciplinary counsel; Bradley’s counsel noted that the 1998 complaint was “substantially similar to his current complaint.” The March 2006 letter showed that a copy was sent to Bradley.
On May 28, 2013, the trial court ruled on Bradley’s application. In addition to finding that the application failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the trial court found the application to be repetitive and untimely. Accordingly, the trial court denied Bradley’s application, as well as his “Motion for Summary Disposition and Traverse to State’s Objection and Response” which Bradley had filed on January 25, 2013.
In the instant writ application, Bradley raises the same ineffective assistance claims relating to alleged failure to “communicate and/or insure petitioner had received communications of the plea offered by the state.” He argues that the United States Supreme Court has held that defense attorneys “have the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the defendant.” In support, he cites Lafler v. Cooper, — U.S. -, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), and Missouri v. Frye, — U.S. -, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012). Furthermore, in response to the district court’s finding that the application was untimely, Bradley again cites Cooper and Frye, simply asserting that “this is a new interpretation of law” and that his application was timely under La. C. Cr. P. art. 930.8(A)(2).
With regard to issues of ineffective assistance of counsel at the plea phase, the Louisiana Supreme Court has held that “[w]hen a defendant enters a counseled plea of guilty, this court will review the quality of counsel’s representation in deciding whether the plea should be set aside.” State v. West, 2009-2810 (La.12/10/10), 50 So.3d 148. West, in turn, cited Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), which held that the two-part test of Strickland v. Washington, supra, for evaluating ineffective assistance of counsel, applies to guilty plea challenges based on ineffective assistance of counsel. Thus, Louisiana also has been applying the Strickland test to challenges of guilty pleas based on ineffective assistance of counsel.
In 2012, the United States Supreme Court held that the Sixth Amendment right to effective assistance of counsel extends to the plea bargaining process and is subject to review under the Strickland test. Missouri v. Frye, supra. That same year in Lafler v. Cooper, supra, the Supreme Court applied the Sixth Amendment| aright to effective assistance of counsel to a factual situation in which defense counsel informed the defendant of the plea offer, but the plea offer was rejected by *567 the defendant on the ineffective advice of defense counsel.
While Bradley is correct in asserting that the Strickland test applies to challenges of guilty pleas based on claims of ineffective assistance of counsel, and that La. C. Cr. P. art. 930.8(A)(2) provides an exception to the two-year PCR time limits in cases involving “a theretofore unknown interpretation of constitutional law” in which the petitioner establishes “that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling,” he is incorrect in concluding that Cooper and Frye operate to make his PCR application timely.
In In re King, 697 F.3d 1189 (5th Cir.2012), our federal circuit court held that Cooper and Frye “did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context.” Thus, it did not find “a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable” so as to allow the prisoner in that case to file a successive application under 28 U.S.C. 2254. In accord is the Eleventh Circuit’s determination in In re Perez, 682 F.3d 930 (11th Cir.2012), and the Seventh Circuit’s decision in Hare v. United States, 688 F.3d 878 (7th Cir.2012).
Considering that our federal circuit court has held that Cooper and Frye did not announce new rules of constitutional law, but merely applied the Sixth Amendment right to the specific factual context of bargaining for a guilty plea, and considering that Louisiana was applying the Strickland test in the guilty plea context even before Cooper and Frye were decided, we hold that the decisions in Cooper and Frye do not provide an exception under La. C. Cr. P. art. 930.8(A)(2) to the two-year PCR time limits; they are not cases involving a retroactively applicable “theretofore unknown interpretation of constitutional law.” Additionally, we note that Bradley was aware of the plea offer at least by 2006 when his counsel copied him with the March 29, 2006 letter which referenced the plea offer letter and included a copy. Accordingly, we agree with the trial court that Bradley’s application, filed outside the two-year limit, was untimely, and we hereby deny this writ application.