IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 11, 2014

## OSCAR T. BERRY v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 89-F-1984     Cheryl Blackburn, Judge**

_____

**No. M2013-01927-CCA-R3-PC-Filed June 26, 2014**

_____

Petitioner, Oscar Berry, was convicted of first degree murder in 1991 and was sentenced to life imprisonment. He filed a direct appeal of his conviction, which was dismissed by this Court in 1992. *State v. Oscar Thomas Berry*, No. 01-C01-9201-CR-00033, 1992 WL 275402 (Tenn. Crim. App., at Nashville, Oct. 8, 1992). His petition for post-conviction relief, filed in 1997, was dismissed by the trial court as untimely. In 2013, Petitioner filed a motion to reopen the post-conviction proceedings. He contended that several recent decisions by the United States Supreme Court established constitutional rights in post-conviction proceedings that did not exist at the time of his conviction, thereby allowing his case to be re-opened under the authority of Tennessee Code Annotated § 40-30-117(a)(1). The trial court rejected his theory and dismissed his motion. After careful review of the controlling law, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, and NORMA MCGEE OGLE, JJ., joined.

Oscar T. Berry, Tiptonville, Tennessee, Pro Se

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel Harmon, Assistant Attorney General; Victor S. Johnson, District Attorney General; Roger Moore, Assistant District Attorney, for the appellee, State of Tennessee.

**OPINION**

1

*Factual Background*

A Davidson County jury convicted Petitioner of premeditated first-degree murder on April 30, 1991. He was sentenced to life imprisonment. Petitioner filed a direct appeal of his conviction, asserting that the evidence was insufficient because of the lack of proof of premeditation. This Court disagreed and affirmed Petitioner's sentence and conviction. *State v. Oscar Thomas Berry*, No. 01-C01-9201-CR-00033, 1992 WL 275402 (Tenn. Crim. App., at Nashville, Oct. 8, 1992).

Petitioner filed his first petition for post-conviction relief on December 8, 1997, over five years after the dismissal of his direct appeal. He contended that he was denied equal protection of law because his attorney failed to appeal the decision of this court to the Tennessee Supreme Court. The post-conviction court denied the petition because it was filed outside the one year statute of limitations for post-conviction relief. *See* T.C.A. § 40-30-102(a). The court also noted that Petitioner's counsel had, in fact, pursued an appeal to the Tennessee Supreme Court, which declined review.

The current appeal results from a motion, filed by Petitioner on March 26, 2013, to reopen the post-conviction proceeding, or in the alternative for habeas corpus relief. Petitioner alleged that his attorney at trial had informed him that the State was willing to offer him a sentence of eighteen years at 30 percent if he pled guilty, but that the attorney nonetheless advised him to go to trial. He further alleged that but for his attorney's advice, he would have been willing to accept the State's offer. Since his trial resulted in a first degree murder conviction and a life sentence, he argued that he received ineffective assistance of counsel.

To overcome the passing of the statute of limitations on post-conviction appeals, Petitioner relied on several decisions of the United States Supreme Court that were filed after the denial of his original petition for post-conviction relief and dealt with claims of ineffective assistance of counsel. He argued that those cases established a constitutional right that was not recognized at the time of his trial and he was, therefore, entitled to further review of his claim. *See* T.C.A. § 40-30-117(a)(1).

On July 26, 2013, the Criminal Court of Davidson County filed a sixteen page order denying Petitioner's motion to reopen the post-conviction proceeding. The court discussed in detail the cases relied upon by Petitioner but held that those cases and subsequent decisions by the state and federal courts interpreting them did not establish a constitutional right that was applicable to the circumstances of his case. This appeal followed.

*Analysis*

Tennessee law gives petitioners the right to file a motion in the trial court to reopen a first post-conviction petition under certain limited circumstances, including when:

> The claim in the motion is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. The petition must be filed within one (1) year of the ruling of the highest state appellate court or the United States Supreme Court establishing a constitutional right that was not recognized as existing at the time of trial[.]

T.C.A. § 40-30-117(a)(1).

*A. Martinez v. Ryan*

Petitioner first relies on the case of *Martinez v. Ryan*, 566 U.S. ___, 132 S.Ct. 1309 (2012).[1] In that case, an Arizona jury convicted Luis Martinez of sexual abuse of a minor and he was sentenced to life imprisonment. Martinez filed a direct appeal of his conviction. His attorney argued, among other things that the evidence was insufficient and that newly discovered evidence warranted a new trial. The attorney did not, however, raise a claim of ineffective assistance of counsel because under Arizona law, a convicted person may not raise such an issue on direct appeal.

Martinez, represented by new counsel, filed a "Notice of Post-Conviction Relief." Despite initiating that proceeding, the new counsel did not claim that trial counsel was ineffective, and she later filed a statement asserting she could find no colorable claims at all. Martinez subsequently filed a second notice of post-conviction relief in the Arizona trial court, claiming ineffective assistance of counsel in both the trial court and the post-conviction court. Martinez's petition was dismissed, in part in reliance on an Arizona statute barring relief on a claim that could have been raised in a previous collateral proceeding. The dismissal was affirmed by the Arizona Court of Appeals, and the Arizona Supreme Court denied review. *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1314.

---

[1]We note that *Martinez v. Ryan* was decided on March 20, 2012, and that Petitioner's motion to reopen his post-conviction proceedings was filed on March 26, 2013, thereby apparently falling outside the limitations period set out in Tennessee Code Annotated § 40-30-117(a)(1). The State did not assert on appeal that the motion was untimely and the operation of Supreme Court Rule 28, § 2(G) may have rendered it timely in any case, so we will decide this appeal on other grounds.

Martinez then sought relief in United States District Court for the District of Arizona, which denied his petition under the doctrine of procedural default. *Martinez v. Schriro*, 2008 WL 5220909 (D. Ariz. 2008). The Ninth Circuit Court of Appeals likewise affirmed the dismissal of Martinez's petition. *Martinez v. Schriro*, 623 F.3d 731 (9th Cir. 2010). The United States Supreme Court granted Certiorari to address a very narrow issue that arose under Arizona law. To understand that issue, we must step back and look at some earlier decisions of the Court regarding the right to counsel by indigent defendants.

In *Gideon v. Wainwright*, 372 U.S. 335 (1963), the Supreme Court declared that the right to counsel is a fundamental constitutional right, essential to due process of law, and that it is made obligatory upon the States by the Fourteenth Amendment. Thus, an indigent defendant, faced with charges that could lead to the loss of his freedom, is entitled to the assistance of appointed counsel. Inherent in the right to counsel is the right to effective assistance of counsel. "A guilty plea is open to attack on the ground that counsel did not provide the defendant with 'reasonably competent advice.'" *Cuyler v. Sullivan*, 446 U.S. 335, 344 (1980); *see also Strickland v. Washington,* 466 U.S. 668, 686 (1984) (holding, among other things, that "the proper standard for attorney performance is that of reasonably effective assistance.").

In a case decided on the same day as *Gideon v. Wainwright*, the Supreme Court declared that the Fourteenth Amendment also guarantees an indigent criminal defendant the right to appointed counsel on the first appeal of his conviction. *Douglas v. People of State of California*, 372 U.S. 353 (1963). In *Evitts v. Lucey*, 469 U.S. 387, 396 (1985), the Court further declared that "[a] first appeal as of right therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." In *Kenneth Wayne Campbell v. State*, 904 S.W.2d 594 (Tenn. 1995), the Tennessee Supreme Court cited *Evitts*, and declared that "[a]s with trial counsel, the right to representation by appellate counsel also 'necessarily includes the right to effective assistance of counsel.'" *Campbell*, 904 S.W.2d at 596; *see also Vernon Cooper v. State*, 849 S.W.2d 744, 746 (Tenn. 1993) (stating that "a party whose counsel is unable to provide effective representation is in no better position than one who has no counsel at all.").

The United States Supreme Court chose not to extend the constitutional right to counsel beyond the first appeal of a criminal conviction. In *Pennsylvania v. Finley*, 481 U.S. 551 (1987), it ruled that there was no equal protection or due process right to appointed counsel in post-conviction proceedings. In *Coleman v. Thompson*, 501 U.S. 1277 (1991), the Court reasoned that in the absence of any constitutional right to counsel at post-conviction proceedings, there could also be no constitutional right to effective counsel at such proceedings.

4

The *Martinez v. Ryan* Court affirmed the general principle of *Coleman v. Thompson,* but found that the operation of Arizona law created a narrow exception. Because Arizona does not permit a convicted person to raise the claim of ineffective assistance of trial counsel on direct review, the Court noted that he must instead bring the claim in state collateral proceedings. The Court reasoned that "where the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise the ineffective-assistance claim, the collateral proceeding is the equivalent of a prisoner's direct appeal as to that claim." *Martinez*, 566 U.S. at ___, 132 S. Ct. at 1319.

The Court was troubled by the fact that under Arizona law, an individual who believes his conviction or sentence was the result of the shortcomings in the quality of his representation at trial can only raise that issue in a proceeding at which he has no constitutional right to receive reasonably effective representation. The Court concluded that the Arizona scheme could deprive a defendant of any opportunity for meaningful review of a claim of ineffective assistance of counsel. The Court accordingly reversed the lower courts and remanded the case for further consideration of Martinez's claims of ineffective representation at both the trial and post-conviction levels.

Unlike in Arizona, there is no prohibition in Tennessee against litigation of ineffective counsel claims on direct appeal. *See, State v. Monroe*, No. E2011–00315–CCA–R3–CD, 2012 WL 2367401 at *4 (Tenn. Crim. App. at Knoxville, June 22, 2012). Thus, Petitioner was entitled to raise the issue of ineffective assistance of counsel in his direct appeal, as well as in a timely-filed post-conviction petition. That right was not affected by the *Martinez* ruling. Further, the *Martinez* Court specifically stated that it was not making a constitutional ruling, but rather an equitable ruling that only applied under the limited circumstances before it. *Martinez*, 566 U.S. at __, 132 S. Ct. at 1319. Since *Martinez* did not establish a constitutional right that was unrecognized at the time of Petitioner's trial, it does not give Petitioner the right under Tennessee Code Annotated Section 40-30-117(a)(1) to be heard on his motion to reopen his first post-conviction petition on constitutional grounds.

## B.  Other Cases

Petitioner also relies on the case of *Lafler v. Cooper,* __ U.S. __, 132 S.Ct. 1376 (2012), as a possible source of constitutional rights that were not recognized at the time of his trial and which would therefore entitle him to reopen his post-conviction petition. The allegations in *Lafler* closely resemble Petitioner's claims in this case. Like Petitioner, Lafler was charged with serious crimes – assault with intent to murder and three other offenses. The prosecution offered to dismiss two of the charges and to recommend a sentence of 51 to 85 months for the other two in exchange for a guilty plea. Lafler rejected the plea and went to trial, which resulted in convictions on all counts and a mandatory minimum sentence of 185

to 360 months' imprisonment.

After proceedings in the state appellate courts had run their course, Lafler looked to the federal courts for recourse. He alleged that he had rejected the offered plea on the basis of his attorney's advice and that the advice was deficient because the attorney informed Lafler of "an incorrect legal rule." The Supreme Court agreed that Lafler was entitled to move forward, and possibly to even have the original plea offer reinstated, if he was able to prove all the elements of ineffective assistance of counsel as set out in *Strickland v. Washington*. In reaching its decision, the Supreme Court relied on earlier precedent establishing that the Sixth Amendment requires effective assistance of counsel at all the critical stages of a criminal proceeding, *United States v. Wade*, 388 U.S. 218 (1967), including plea negotiations, *Hill v. Lockhart,* 474 U.S. 52 (1985).

Since the issuance of the *Lafler* opinion and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), a companion case released on the same day, numerous litigants have applied to the courts of Tennessee and elsewhere for post-conviction review of convictions and sentences that were affected, one way or another, by plea negotiations.[2]

While *Lafler* and *Frye* may serve as valuable precedent for analysis of timely-filed petitions for post-conviction relief, we know of no cases that have found them to have established a previously unrecognized constitutional right. In fact, many courts have reached the opposite conclusion. For example, in *Marcus Stovall v. United States*, Nos. 1:12-cv-377, 1:02-cr-32, 2013 WL 392467 (E.D.Tenn. Jan. 31, 2013), the Federal District Court stated that "neither the *Frye* or *Lafler* case constitute a new rule as they merely applied the Sixth Amendment right to effective assistance of counsel claims according to the test first articulated in *Strickland v. Washington*, and established in the plea bargaining context in *Hill v. Lockhart*." 2013 WL 392467 at *2 (citations omitted); *see also Buenrostro v. United States*, 697 F.3d 1137 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878 (7th Cir.2012); *In re Perez*, 682 F.3d 930 (11th Cir. 2012).

In *Bruce L. Robinson v. State,* No. W2012-01401-CCA-R3-PC, 2013 WL 1858628, at *3 (Tenn. Crim. App. at Jackson, May 2, 2013), this court also concluded that *Frye* did not

---

[2]In *Frye*, the petitioner's attorney failed to inform him that the prosecution had offered him a plea bargain and the petitioner went to trial after the offer expired, resulting in a much longer sentence than was offered. The *Frye* Court found that the attorney's conduct fell below the standard of reasonableness set out in *Strickland v. Washington* and remanded the case to the post-conviction court for further proceedings. The Tennessee Supreme Court was faced with similar facts in *Harris v. State*, 875 S.W.2d 662 (Tenn. 1994) and reached a similar result. Of course, in the present case, as in *Lafler*, there was no allegation that the defense attorney failed to convey a plea offer to the petitioner, only that the attorney's advice regarding the offer was deficient.

announce a new rule of constitutional law to be applied retroactively. In *Johnny L. McGowan v. State*, M2012-02490-CCA-R3-PC, 2013 WL 5310473 (Tenn. Crim. App. at Nashville, Sept. 20, 2013), we acknowledged our holding in *Robinson*, and concluded "that *Lafler*, likewise, does not establish a new constitutional right requiring retroactive application." 2013 WL 5310473 at *2. We reached the same conclusion in *Gary K. Thomas v. State*, E2012-02086-CCA-R3-PC, 2013 WL 1092770 (Tenn. Crim. App. at Knoxville, Mar. 15, 2013) and *Derrick Hodge v. State*, E2013-01883-CCA-R3-PC, 2014 WL 644703 (Tenn. Crim. App. at Knoxville Feb. 19, 2014).

As we noted above, Petitioner would have been entitled to reopen his untimely petition for post-conviction relief only if he were able to establish a claim that was based on a final ruling of an appellate court establishing a constitutional right that was not recognized at the time of his trial and if retrospective application of that right was required. The cases he cited did not establish any new constitutional rights, and we accordingly find that the post-conviction court correctly dismissed his motion to reopen his petition for post-conviction relief.

## C. Habeas Corpus

Petitioner captioned the *pro se* pleading that led to this appeal as "Petition for Reopen Post-Conviction in Alternative Petition for State Habeas Corpus." In the body of the pleading, he does not set out any separate ground for habeas corpus relief, such as a void judgment or illegal confinement, nor does the record indicate the existence of any such ground.

Further, the procedural requirements for filing an application for the writ of habeas corpus are mandatory and must be scrupulously followed. *Archer v. State*, 851 S.W.2d 157, 165 (Tenn. 1993) (citing *Bateman v. Smith*, 194 S.W.2d 336, 337 (Tenn. 1946)). Those requirements are:

(a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.

(b) The petition shall state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

7

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107.

In his petition, Petitioner did not state that the illegality of his restraint has not previously been adjudicated, nor did he say whether this was his first application for the writ. Also, as the State points out, Petitioner did not attach a copy of the judgment of conviction to his petition, although it is now found in the technical record. Accordingly, the lower court did not err in dismissing the motion/petition before it, including any claim for habeas corpus relief.

*Conclusion*

We affirm the judgment of the post-conviction court.

_____
JERRY L. SMITH, JUDGE

8