J-S67014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
CARLTON J. RANSOM :
:
Appellant : No. 1507 EDA 2017

Appeal from the PCRA Order March 24, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0130181-1983

BEFORE: OTT, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.: **FILED MARCH 28, 2019**

Carlton J. Ransom appeals, *pro se*, from the order entered on March 24, 2017, in the Court of Common Pleas of Philadelphia County, denying him relief on his eighth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9542 *et seq*. The PCRA court determined the petition was untimely and denied it without a hearing pursuant to Pa.R.Crim.P. 907. In this appeal, Ransom raises three related claims. He argues trial counsel was ineffective for advising him to reject a favorable plea offer from the Commonwealth, PCRA counsel improperly sought to withdraw as counsel without having reviewed the certified record, and the PCRA court erred in failing to apply the newly recognized constitutional right[1] timeliness exception

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 9545(b)(iii).

to his petition. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Initially, we note the procedural abnormalities that have followed this petition. The petition was filed on May 2, 2012, but the PCRA court did not dispose of the claim until March 24, 2017. The record reveals no reason why this petition languished for almost five years before resolution in the PCRA court. Next, Ransom had until April 24, 2017 to file his appeal of the denial of this petition. However, he dated his appeal April 25, 2017 – one day late. The PCRA court failed to provide Ransom with notice of dismissal of this claim and inform him of his appellate rights in the manner required by Pa.R.Crim.P. Rule 907(4). Specifically, notice was not sent certified mail, return receipt requested. Therefore, there is no indication of when Ransom was actually informed of his right to file his appeal. Accordingly, due to this breakdown in the judicial system, we will accept the otherwise one day late filing as timely. Finally, for reasons that are not apparent of record, Ransom was appointed counsel for this petition, despite this being his eighth petition. The PCRA court allowed counsel to withdraw from representation pursuant to the dictate of **Turner/Finley**.[2] However, the certified record did not contain any order granting withdrawal of counsel. This panel remanded the matter for the inclusion of the PCRA court's order of March 24, 2017, which has now been filed as a supplemental record.

_____

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 Pa. Super. 1988) (*en banc*).

Our standard of review is well settled.

When reviewing the denial of a PCRA petition, this Court's standard of review is limited "to whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error."

**Commonwealth v. Hart**, 199 A.3d 475, 481 (Pa. Super. 2018) (citation omitted).

We now turn our attention to the specifics of the instant appeal. All three of Ransom's issues are resolved by determining whether this petition, Ransom's eighth, was timely filed. If it was not timely filed, no court has jurisdiction to address the claims contained therein. Additionally, if there is no feasible argument as to exceptions to the timeliness of the petition, as asserted by PCRA counsel in his January 17, 2017, letter to the PCRA court, then counsel appropriately determined Ransom's claims were without merit.

Briefly, in 1983, Ransom was found guilty of first-degree murder and related charges regarding the stabbing death of Jeanette Womack. He received the mandatory life sentence. Ransom filed a direct appeal that afforded him no relief. Subsequently, he filed multiple PCRA petitions, two of which reinstated certain appellate rights, five of which sought collateral relief. This petition represents Ransom's eighth PCRA petition. Relevant to this petition, Ransom's judgment of sentence became final in November 1996, after time expired for Ransom to seek review by the United States Supreme

Court.[3]  Accordingly, pursuant to statute, Ransom had one year to file a timely PCRA petition.   42 Pa.C.S. § 9545(b)(1) (Any petition filed under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final.)   Ransom had until November 1997 in which to file a timely petition.  As the instant petition was not filed until May 2, 2012, it is clearly facially untimely.[4]

However, Section 9545 also lists three exceptions to the one-year timeliness requirement and Ransom claims he is entitled to the application of 9545(b)(1)(iii) regarding:

A constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after

---

[3] We cannot ascertain the exact date, although we will use November 25, 1996, as the reference point.  We can determine that a panel of our Court denied Ransom relief on his direct appeal on April 16, 1993.  Both the Commonwealth and the PCRA court assert the Pennsylvania Supreme Court denied Ransom *allocatur* on August 24, 1996.  However, that was a Saturday.  Therefore, we will use Monday, August 26, 1996 as the date the Pennsylvania Supreme Court denied Ransom *allocatur* pursuant to his direct appeal.  Pursuant to U.S.Sup.Ct.R. 13, a defendant has 90 days to file a petition for a writ of *certiorari* seeking U.S. Supreme Court review.  Ransom did not seek such a writ of *certiorari*.  Judgment of sentence, therefore, became final when time expired for seeking U.S. Supreme Court review.

August 1996 is also three months after the Pennsylvania Supreme Court denied Ransom allocatur on his first PCRA petition.  ***See Commonwealth v. Ransom***, 544 Pa. 674 (May 29, 1996) (Table).  It is possible that Ransom filed that PCRA petition while his direct appeal was pending before the Pennsylvania Supreme Court.

[4] The fact the petition is more than 14 years late demonstrates why the exact date Ransom's judgment of sentence became final is not necessary to determine.

the time period provided by this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(iii).

Specifically, Ransom argues his trial counsel provided ineffective assistance of counsel by convincing him to reject the Commonwealth's offer to plead guilty to third-degree murder and receive a 12½ to 25 year term of incarceration. Ransom further contends that the United States Supreme Court provided in **Lafler v. Cooper**, 132 S.Ct. 1376 (2012) and **Missouri v. Frye**, 132 S.Ct. 1399 (2012) essentially held that improperly advising a defendant to reject a plea offer and to go to trial equates to ineffective assistance of counsel.

In 2013, a panel of our Court in **Commonwealth v. Feliciano**, 69 A.3d 1270 (Pa. Super. 2013) held:

> It is apparent that neither **Frye** nor **Lafler** created a new constitutional right.[4] Instead, these decisions simply applied the Sixth Amendment right to counsel, and the **Strickland** test for demonstrating counsel's ineffectiveness, to the particular circumstances at hand, *i.e.* where counsel's conduct resulted in a plea offer lapsing or being rejected to the defendant's detriment. Accordingly, Appellant's reliance on **Frye** and **Lafler** in an attempt to satisfy the timeliness exception of section 9545(b)(1)(iii) is unavailing.
>
> > [4] Numerous federal courts have reached this same conclusion. *See* **Hare v. United States**, 688 F.3d 878, 879 (7th Cir. 2012) (holding that **Lafler** applied an "established rule"); **In re Perez**, 682 F.3d 930, 932 (11th Cir. 2012) (holding **Lafler** was merely an application of the Sixth Amendment right to counsel); **Buenrostro v. U.S.**, 697 F.3d 1137 (9th Cir. 2012) (holding that in both **Frye** and **Lafler** the Supreme Court "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in **Strickland** ... and

established in the plea-bargaining context in Hill"); In re King, 697 F.3d 1189, 1189 (5th Cir. 2012) (stating "[**Lafler**] and **Frye** do not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context"); **U.S. v. Denson**, 2013 WL 588509 (W.D.Pa. 2013) ("**Frye** and **Lafler** do not create 'new' rights, but merely apply existing standards to different factual situations"); **Brown v. Kerestes**, 2913 WL 444672 (E.D.Pa. 2013) (finding the reasoning of the Seventh Circuit persuasive and agreeing that **Frye** and **Lafle**r do not create a new constitutional right).

**Commonwealth v. Feliciano**, 69 A.3d at 1276-77. **See also**, **Commonwealth v. Hernandez**, 79 A.3d 649, 652-54 (Pa. Super. 2013) (same).

Clearly, Ransom's attempt to rely on **Lafler** and **Frye** as an exception to the one-year filing requirement must be rejected. Because the petition was not filed in a timely manner, Ransom is not entitled to relief on any of his three claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/19