# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2659

_____

John Jacob Williams

*Petitioner*

v.

United States of America

*Respondent*

_____

On Application for Authorization to file
a Successive Habeas Corpus Motion

_____

Submitted: December 10, 2012
Filed: January 23, 2013
[Published]

_____

Before BYE, ARNOLD, and MELLOY, Circuit Judges.

_____

PER CURIAM.

John Jacob Williams requests authorization to file a second 28 U.S.C. § 2255 motion. We deny the request.

A jury found Mr. Williams guilty of two drug offenses and a firearm offense. The district court sentenced him to 300 months in prison, and we affirmed the

convictions.  United States v. Williams, 557 F.3d 943, 945 (8th Cir. 2009). Mr. Williams then filed his first section 2255 motion.  The district court denied the motion, and this court denied Mr. Williams's request for a certificate of appealability.

Mr. Williams now requests authorization to file a second section 2255 motion to present the claim that he rejected a favorable plea offer because trial counsel failed to adequately explain the terms of the offer and the consequences of rejecting it.  In support of this claim, Mr. Williams cites Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Missouri v. Frye, 132 S. Ct. 1399 (2012), cases in which the United States Supreme Court acknowledged that defendants have a constitutional right to effective assistance of counsel with respect to plea offers that lapse or are rejected. Mr. Williams claims he could not have presented his claim in his first section 2255 motion, which he filed before Cooper and Frye were decided.  Pursuant to section 2255(h)(2), we can authorize the filing of a second or successive section 2255 motion that contains a claim based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2).  In Cooper and Frye, the Court noted that its analysis was consistent with the approach many lower courts had taken for years, as well as with its own precedent.  See Cooper, 132 S. Ct. at 1385, 1390; Frye, 132 S. Ct. at 1408-10. We therefore conclude, as have the other circuit courts of appeals that have addressed the issue, that neither Cooper nor Frye announced a new rule of constitutional law. See Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re King, 697 F.3d 1189 (5th Cir. 2012) (per curiam); Hare v. United States, 688 F.3d 878, 879-80 (7th Cir. 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012) (per curiam). The request for authorization is denied.

_____