FILED
United States Court of Appeals
Tenth Circuit

February 12, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

v.

JOSE MEDINA, JR.,

Defendant−Appellant.

No. 12-3305
(D.C. Nos. 2:09-CR-20006-JWL-1,
2:12-CV-02195-JWL &
2:11-CV-02422-JWL)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY AND
DENYING AUTHORIZATION UNDER 28 U.S.C. § 2255(H)**[*]

Before **BRISCOE**, Chief Judge, **KELLY** and **MATHESON**, Circuit Judges.

Jose Medina, Jr. seeks to appeal the district court's dismissal of his second

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and his

subsequent Fed. R. Civ. P. 60(b) motion. In the alternative, he seeks this court's

authorization to proceed with successive § 2255 claims. *See* 28 U.S.C. § 2255(h).

We deny a certificate of appealability (COA) and deny authorization.

In 2009 Mr. Medina pleaded guilty to participating in a conspiracy to

distribute and possess with the intent to distribute cocaine, and in 2010 he was

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced to 97 months of imprisonment. He filed a § 2255 motion in 2011, which the district court dismissed as untimely. Instead of appealing, Mr. Medina filed a second § 2255 motion in 2012. The district court dismissed that motion as an unauthorized second or successive § 2255 motion. Mr. Medina moved to reconsider the dismissal under Fed. R. Civ. P. 59(e) or in the alternative to reopen his first § 2255 case under Rule 60(b). The district court denied the motion to reconsider and dismissed the Rule 60(b) motion as an unauthorized successive § 2255 motion. Mr. Medina filed a timely notice of appeal.

Mr. Medina's combined opening brief and application for COA mentions the dismissal of the first § 2255 motion, the dismissal of the second § 2255 motion, and the dismissal of the Rule 60(b) motion. But the notice of appeal is timely only as to the dismissal of the second § 2255 motion (because the Rule 59(e)/Rule 60(b) motion tolled the time for appeal, *see* Fed. R. App. P. 4(a)(4)(A)(iv), (vi)) and the dismissal of the Rule 60(b) motion. Therefore, we cannot consider any challenges to the dismissal of the first § 2255 motion.

To appeal the dismissals of the second § 2255 motion and the Rule 60(b) motion, Mr. Medina must secure a COA. To do so, he must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Mr. Medina argues that the district court erred in construing the Rule 60(b) motion as a successive § 2255 motion because the Rule 60(b) motion did not attack his conviction, but simply sought to show how the prosecution's denial of access to the evidence kept him from timely filing his first § 2255 motion. Contrary to his assertions on appeal, however, the Rule 60(b) motion attacks the validity of his conviction. *See* R. Vol. 1 at 149 (alleging, under the heading "RULE 60(b) MOTION," that "the government fabricated an alleged conspiracy charge without any evidence"; "there was no proof that statute[ ]had been violated by petitioner"; "the government committed fraud upon the court"; and "this fabricated evidence made the conviction null and void for lack of subject matter jurisdiction"); *id.* at 150 (indicating that Mr. Medina wanted to add new claims after perusing the evidence). Reasonable jurists could not debate the correctness of the district court's decision that the Rule 60(b) motion was subject to authorization under § 2255(h). *See Gonzalez v. Crosby*, 545 U.S. 524, 532 & n.4 (2005) (holding that a Rule 60(b) motion that presents "grounds entitling a petitioner to habeas corpus relief" or "seeks to add a new ground for relief" requires authorization).

Mr. Medina also contends that the district court should not have dismissed the second § 2255 motion or the Rule 60(b) motion, but instead should have transferred them to this court for authorization. But although the district court *may* transfer a second or successive § 2255 motion to this court, it is not *required* to do so. *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) (per curiam). Given that the district

court concluded that transferring the filings would not serve the interest of justice under 28 U.S.C. § 1631, no reasonable jurist could conclude that the court was required to transfer rather than to dismiss.

Mr. Medina alternatively requests authorization to file a successive § 2255 motion. He contends that he is actually innocent of conspiracy and that his guilty plea was based on fraudulent evidence that was concealed by the government and defense counsel. He alleges that counsel was ineffective in the plea process, particularly by failing to move for suppression of evidence under the Fourth Amendment, agreeing to a "dissemination restriction" that allowed Mr. Medina to plead guilty and be sentenced without being shown any of the evidence or the presentence report, and vouching for and failing to investigate the evidence.

Mr. Medina first relies on § 2255(h)(1), which requires a prima facie showing of "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense." For his new evidence, he points to the evidence allegedly withheld from him due to the "dissemination restriction" and certain affidavits/statements by alleged co-conspirators, in which one denies receiving from or selling cocaine for Mr. Medina and another denies participating in a cocaine conspiracy with him. But this evidence falls short of making a prima facie case that a reasonable factfinder would not find Mr. Medina guilty, and thus fails to satisfy § 2255(h)(1). As the

- 4 -

district court noted, Mr. Medina and the alleged co-conspirators could all be involved in the same conspiracy without dealing with or even knowing each other. *See United States v. Foy*, 641 F.3d 455, 465 (10th Cir.) ("The interdependence element [of conspiracy] does not require that the government prove the coconspirators know the identities or details of each scheme or have connections with all the other members of the conspiracy." (internal quotation marks omitted)), *cert. denied*, 132 S. Ct. 467 (2011).

Mr. Medina also seems to invoke § 2255(h)(2), which requires "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," by citing *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). *Frye* and *Lafler* do not satisfy § 2255(h)(2), however, because they do not articulate "a new rule of constitutional law." *See Williams v. United States*, __ F.3d __, No. 12-2659, 2013 WL 238877, at *1 (8th Cir. Jan. 23, 2013) (per curiam) (collecting cases).

Mr. Medina's motion for leave to proceed on appeal without prepayment of costs or fees is granted. His request for a COA and his alternative request for authorization to file a successive § 2255 motion are denied. The addendum filed provisionally under seal on February 4, 2013, shall remain filed under seal.

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

- 5 -