**UNITED STATES of America,**
**Plaintiff,**

v.

**David S. DETWEILER, Defendant.**

**No. 4:04CR3084.**

United States District Court,
D. Nebraska.

April 10, 2013.

Sara E. Fullerton, U.S. Attorney's Office, Lincoln, NE, for Plaintiff.

Alan G. Stoler, Omaha, NE, for Defendant.

## MEMORANDUM AND ORDER

RICHARD G. KOPF, Senior District Judge.

David S. Detweiler recently filed another in an apparently never ending series of motions. Detweiler seeks relief under Federal Rule of Civil Procedure 60(b). He claims that his lawyer misadvised him regarding a plea offer and that error caused Detweiler to go to trial with the result that he had to serve a longer prison sentence. I will deny the motion.

Represented by one of the best criminal defense lawyers in Nebraska, Detweiler was convicted by a jury of conspiracy to distribute a controlled substance in November of 2005 and was sentenced on February 2, 2006, to 188 months in prison. (Filing Nos. 1, 37, 38, 52, 55). The judgment was affirmed by the Eighth Circuit Court of Appeals in July of 2006. (Filing Nos. 71, 72, 75).

In July of 2007, Defendant filed a motion for post-conviction relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel. (Filing No. 82). This motion was denied on October 26, 2007, 2007 WL 3165615. (Filing Nos. 91–92). The Eighth Circuit Court of Appeals denied a certificate of appealability and dismissed the defendant's appeal on June 27, 2008, and denied his petition for rehearing en banc on September 18, 2008. (Filing Nos. 103–105). The United States Supreme Court denied a writ of certiorari on March 19, 2009. (Filing No. 107).

Thereafter, Detweiler filed at least six additional motions challenging his conviction and sentence-all were denied. (Filing Nos. 108–122.) No appeals were taken. Significantly, a motion explicitly based upon Rule 60(b)(6) was filed on April 25, 2012 (filing No. 117) and it was denied on April 26, 2012. (Filing no. 118.) No appeal was taken. That motion is nearly identical to the motion now before me.

There are many reasons that require denial of the pending motion. For the sake of expediency, I will articulate only three of them.

First, this is the second Rule 60(b) motion predicated upon counsel's alleged failure to advise Detweiler properly about a plea offer. I am aware of no authority that requires me to consider a second Rule 60(b) motion that merely duplicates an earlier unsuccessful motion. That is particularly true where no appeal was taken from the denial of the first motion.

Second, the case relied upon by Detweiler—*Lafler v. Cooper*, — U.S. —, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012)-did not announce a new rule of constitutional law, *see, e.g.*, *Williams v. United States*, 705 F.3d 293 (8th Cir.2013), and thus there are no extraordinary circumstances under Rule 60(b)(6) that would justify relief. *See, e.g.*, *City of Duluth v. Fond du Lac Band of Lake Superior Chippewa*, 702 F.3d 1147, 1155 (8th Cir.2013) ("To be sure, relief under rule 60(b)(6) remains 'an extraordinary remedy' for 'exceptional circumstances.'") (citation omitted). Moreover, none of the other grounds for relief under Rule 60(b)(1)-(5) have been shown to exist.

Third, it is clear that the government was offering a plea agreement predicated upon cooperation and it is equally clear

that Detweiler was unwilling to cooperate. In an earlier filing, Detweiler admitted that he rejected a proposed cooperation plea agreement because "I had to provide relevant or useful information" to the government and "on numerous occasions I explained to [my lawyer] that "there was no one left in my conspiracy...." (Filing no. 117 at CM/ECF p. 3). As a result, there is no reasonable probability that the parties would have ever reached a plea agreement for presentation to the trial court as required under *Lafler*. 132 S.Ct. at 1385 (holding that in order to succeed "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)....").

IT IS ORDERED that the Motion for Relief from Final Judgment (filing no. 123) is denied.