RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0182p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

In re: RUDY LIDDELL

                *Movant.*

                           No. 12-2196

On Motion to Authorize the Filing of a  Second
or Successive Application for Habeas Corpus Relief.
No. 1:99-cr-20018-3—David M. Lawson, District Judge.

Decided and Filed:  June 26, 2013[*]

Before:  BOGGS, NORRIS, and GIBBONS, Circuit Judges.

_____

**MOVANT**

**ON MOTION:**  Rudy Liddell, Bruceton Mills, West Virginia, pro se.

_____

**OPINION**

_____

PER CURIAM.  Rudy Liddell, a federal prisoner proceeding pro se, seeks this court's authorization to file a second or successive motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

In 2001, Liddell was convicted by a jury of conspiracy to possess controlled substances with the intent to distribute, distribution of marijuana, and being a felon in possession of a firearm.  He was sentenced to a total of 324 months of imprisonment.  This court affirmed the district court's decision.  The district court subsequently reduced

_____

[*]This decision was originally issued as an order filed on June 26, 2013.  The court has now designated the order as an opinion recommended for full-text publication.

Liddell's sentence to 204 months of imprisonment. In 2004, Liddell filed a § 2255 motion, which the district court denied on the merits.

Liddell now moves this court for authorization to file a second or successive § 2255 motion. He proposes to argue that his counsel was ineffective for failing to present a plea offer to him and that there was prosecutorial misconduct because the prosecutor "suppressed the presentation of a plea offer option." He contends that he did not raise these issues in his prior § 2255 motion because he was unfamiliar with the applicable law and because *Missouri v. Frye*, 132 S. Ct. 1399 (2012), and *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), created new rules of constitutional law that were made retroactive by the Supreme Court and that were previously unavailable. Additionally, he contends that his counsel generally performed ineffectively at trial, as demonstrated by Liddell's failed attempt to terminate his counsel's representation during trial. Liddel also reasserts an argument raised in his initial § 2255 motion that his attorney fell asleep during his trial.

Before this court will grant a movant permission to file a second or successive petition under § 2255, he must make a prima facie showing that: (1) there is newly discovered evidence that, if proven and viewed in light of the evidence as a whole, sufficiently establishes that no reasonable factfinder would have found him guilty; or (2) a new rule of constitutional law applies to his case that the Supreme Court has made retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(h); *In re Green*, 144 F.3d 384, 388 (6th Cir. 1998). Any claim that was presented in a prior § 2255 motion must be dismissed. *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999) (citing 28 U.S.C. § 2244(b)(1)).

To the extent that Liddell raised the issue of his counsel's ineffectiveness for falling asleep at trial in his initial § 2255 motion, the claim is barred. *See id.* Furthermore, he has not provided any facts or arguments demonstrating that this claim or any other claim meets the requirements of § 2255(h)(1). Additionally, as held by every other circuit to consider the issue, neither *Frye* nor *Cooper* created a "new rule of constitutional law" made retroactive to cases on collateral review by the Supreme Court.

*In re Graham*, 714 F.3d, 1181, 1183 (10th Cir. 2013) (per curiam); *Gallagher v. United States*, 711 F.3d 315, 315–16 (2d Cir. 2013) (per curiam); *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) (per curiam); *Buenrostro v. United States*, 697 F .3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); *Hare v. United States*, 688 F.3d 878, 879, 881 (7th Cir. 2012); *In re Perez*, 682 F.3d 930, 933–34 (11th Cir. 2012) (per curiam).

Liddell also asserts that his proposed § 2255 motion should not be considered successive because the district court failed to give him the proper warnings in recharacterizing his 2004 motion as an initial § 2255 motion.  However, this argument is belied by the record, which indicates that Liddell himself characterized the motion as a motion filed pursuant to § 2255.

Accordingly, Liddell's motion for this court's authorization to file a second or successive § 2255 motion is denied.  All other outstanding motions are likewise denied.