**IN THE COURT OF APPEALS OF IOWA**

No. 14-0779
Filed March 25, 2015

**KENNY CHRIS HEMM,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

Appeal from the Iowa District Court for Wapello County, Annette J. Scieszinski, Judge.

Kenny Hemm appeals from the district court's dismissal of his second postconviction-relief application. **AFFIRMED.**

R. E. Breckenridge of Breckenridge Law, P.C., Ottumwa, for appellant.

Thomas J. Miller, Attorney General, Kelli Huser, Assistant Attorney General, Gary Oldenburger, County Attorney, and Douglas D. Hammerand, Assistant County Attorney, for appellee State.

Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**POTTERFIELD, J.**

Kenny Hemm appeals from the district court's dismissal of his second postconviction-relief application.

### I. Procedural Background

A jury convicted Hemm of murder and arson in 2001. He appealed, and this court remanded for a new trial. In 2004, he was convicted upon retrial. Hemm again appealed, and this court affirmed. Our supreme court declined to hear the case on further review, and procedendo issued on August 29, 2006.

On October 2, 2006, Hemm filed an application for postconviction relief alleging several claims of ineffective assistance of counsel, including "failure to properly advise and counsel the Applicant regarding plea offers." The district court denied the application. Hemm appealed, but waived further consideration of the ineffective-assistance claim regarding plea offers by failing to raise the issue in his appeal. This court affirmed. *See Hemm v. State*, No. 09-0616, 2010 WL 786049, at *7 (Iowa Ct. App. Mar. 10, 2010).

On August 1, 2013, Hemm filed a second application for postconviction relief, again alleging ineffective assistance of counsel because his trial counsel failed to properly advise him of potential plea agreements. On the State's motion, the district court dismissed the application. The district court held the claim was barred by the statute of limitations found in Iowa Code section 822.3 (2013). It also held the ineffective-assistance issues had already been raised and decided in Hemm's first postconviction relief action.[1] Hemm appeals.

---

[1] *See* Iowa Code § 822.8 ("Any ground finally adjudicated or . . . waived in the proceeding . . . may not be the basis for a subsequent application . . . .").

## II. Standard of Review

We review a dismissal of an application for postconviction relief for errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011).

## III. Discussion

Hemm first claims the district court's tolling of the statute of limitations was erroneous. Iowa Code section 822.3 provides an application for postconviction relief "must be filed within three years from the date the conviction or decision is final, or in the event of an appeal, from the date the writ of procedendo is issued." Procedendo on Hemm's direct appeal issued on August 29, 2006. He argues, however, that the statute of limitations began to run at the close of his latest postconviction relief action. This court has previously noted his argument is fallacious and would allow defendants to reset the clock on the statute of limitations indefinitely by filing postconviction relief applications every three years. *See Holmes v. State*, No. 02-1100, 2004 WL 893338, at *3 (Iowa Ct. App. Apr. 28, 2004) ("[S]ection 822.3 in no way provides for the tolling of the three-year statute of limitations until notice of procedendo of a postconviction action has been issued."). Hemm's current postconviction relief application falls outside the three-year statute of limitations, which expired on August 29, 2009.

However, the three-year limitation "does not apply to a ground of fact or law that could not have been raised within the applicable time period."[2] Iowa Code § 822.3. Hemm's second claim is that his current application could not have been raised prior to the United States Supreme Court's companion

---

[2] Hemm asserts only a new ground of law. He does not assert a new ground or issue of fact, and none is reflected in the record.

decisions in *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), which discuss a defendant's constitutional entitlement to effective assistance of counsel during the plea-bargaining process. Hemm argues that the right to effective assistance of counsel during plea bargaining is a "new right" created by these two cases—i.e. a new ground of law that could not have been raised prior to the expiration of the statute of limitations.

His claim is belied by the fact that Hemm did in fact raise the alleged failure of his trial counsel to discuss plea bargains as a ground for ineffective assistance in his first postconviction action.[3] Additionally, a majority of the federal circuit courts of appeals have held that *Cooper* and *Frye* merely apply preexisting law, namely *Strickland v. Washington*, 466 U.S. 668 (1984). *See, e.g.*, *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013) ("We therefore conclude, as have the other circuit courts of appeals that have addressed the issue, that neither *Cooper* nor *Frye* announced a new rule of constitutional law.").[4] Hemm's postconviction relief application therefore does not raise any new issues of fact or law, and the district court did not err in so holding.

Lastly, Hemm argues the district court erred in holding the issues in his current application are barred because they have been previously decided. However, because his claim is barred by the statute of limitations found in Iowa

---

[3] Hemm argues his ineffective-assistance issue was not argued to its "full extent" during his first postconviction action. He cites no authority, nor do we find any, that permits a defendant to characterize an issue previously determined as a new ground of law simply because it was not argued to its "full extent" in earlier proceedings.

[4] Hemm relies on Justice Scalia's dissent in *Cooper*, in which he wrote, "[T]he Court today opens a whole new field of constitutionalized criminal procedure: plea-bargaining law." *Cooper*, 132 S. Ct. at 1391 (Scalia, J., dissenting). However, it is clear from the context of Justice Scalia's dissent on the whole that this language was used rhetorically. The *Cooper* majority does not characterize its decision as creating a new area of law.

Code section 822.3, we need not determine whether it is also barred for other reasons.

The district court did not err in dismissing Hemm's application because it was filed beyond the three-year statute of limitations and raised no ground of law that could not have otherwise been raised within that three-year period. We affirm the district court's dismissal.

**AFFIRMED.**