NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2015

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JESSICA HOLMES,

No. 14-15530

Petitioner-Appellant,

D.C. No. 2:11-cv-02710-JKS

v.

DEBORAH JOHNSON,

MEMORANDUM*

Respondent-Appellee.

Appeal from the United States District Court
for the Eastern District of California
James K. Singleton, Senior District Judge, Presiding

Argued and Submitted June 11, 2015
San Francisco, California

Before: CHRISTEN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior
District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Barbara Jacobs Rothstein, Senior District Judge for the U.S.
District Court for the Western District of Washington, sitting by designation.

Petitioner Jessica Holmes, a state prisoner serving a life-without-possibility-of-parole sentence, appeals the U.S. District Court for the Eastern District of California's order denying her habeas corpus petition.[1] We have jurisdiction over this matter under 28 U.S.C. § 2253.

This Court may grant relief on a "claim that was adjudicated on the merits" in state court if the state court's decision was: "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court;" or based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254 (d).

A decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Court but arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000). The state court's factual findings are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence. *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003). However, a state court's determination of the facts made without an evidentiary hearing may create a "presumption of unreasonableness." *See Perez v. Rosario,* 459 F.3d 943, 950 (9th Cir. 2006).

Petitioner presents two issues on appeal. First, Petitioner asserts that the

---

[1] The parties are familiar with all relevant facts. Therefore, we need not set out the facts here.

state court's ruling that she impliedly waived her right to silence and to an attorney is contrary to well-established federal law. In demonstrating implicit waiver, the prosecution bears the "heavy burden"[2] of showing the waiver was: (1) "voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception;" and (2) "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986).

Petitioner contends that she did not waive her *Miranda* rights because the detectives did not give her enough time to invoke these rights. According to Petitioner, a waiver cannot occur unless the interrogating officer waits a certain period of time after he reads the *Miranda* warning and receives affirmation that the defendant understands her rights before beginning the interrogation. Respondent counters that no previous Supreme Court decision has inquired into the amount of time between a *Miranda* warning and interrogation when examining waiver. *See Berghuis v. Thompkins*, 560 U.S. 370, 388-89 (2010) (holding that "a suspect who has received and understood the *Miranda* warnings, and has not invoked his *Miranda* rights, waives the right to remain silent by making an uncoerced statement to the police"). We agree with Respondent. Petitioner fails to provide

---

[2] "This 'heavy burden' is not more than the burden to establish waiver by a preponderance of the evidence." *Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).

any controlling Supreme Court authority for the proposition that no waiver can occur in the circumstances presented here.

Petitioner also argues that any waiver was involuntary. In determining whether a waiver is voluntary and knowing, courts must consider the totality of the circumstances, including: the defendant's age, experience, education, background, and intelligence; the length and duration of questioning; and evidence of deceit, trickery, cajoling, or physical coercion. *See Fare v. Michael C.*, 442 U.S. 707, 725-26 (1979); *Miranda v. Arizona*, 384 U.S. 436, 476 (1966).

Petitioner concedes that the state court considered her age and the circumstances of the interrogation. However, she argues that the court erred by "fail[ing] to consider her lack of experience with law enforcement, her confusion during questioning and … the duplicitous and overbearing manner in which the questioning was conducted." According to Petitioner, this failing was significant because the detectives deceived her by describing the advisement as a "technicality," not informing her that she was a suspect, and stating that her statements "can" be used against her. Respondent counters that the court reasonably concluded that "[t]he detectives did not misrepresent the significance of Holmes's rights." Respondent further argues that well-established federal law does not require detectives to say "will;" the phrase "can" is sufficient. *See Dickerson v. United States*, 530 U.S. 428, 435 (2000) ("anything he says can be used against

4

him in a court of law"). We agree with Respondent; the state court's finding of voluntary waiver is supported by the record and does not violate well-established federal law. Accordingly, Petitioner is not entitled to relief on her *Miranda* claim.

Second, Petitioner asserts that she is entitled to an evidentiary hearing regarding her claim that she suffered ineffective assistance of counsel in the course of plea negotiations.

Respondent counters that a hearing is unnecessary. According to Respondent, Petitioner is ineligible for relief because her ineffective assistance claim relies on a "new rule." Before a state prisoner may upset her state conviction or sentence on federal collateral review, she must demonstrate that the court-made rule of which she seeks the benefit is not "new." *Teague v. Lane*, 489 U.S. 288, 304-05 (1989). A holding announces a new rule if "it breaks new ground or imposes a new obligation" on the government, or if "the result was not *dictated* by precedent existing at the time the defendant's conviction became final." *Id.* at 301. Conversely, a holding does not "announce a new rule, [when] it '[is] merely an application of the principle that governed'" a prior decision to a different set of facts. *Id*. at 307 (quoting *Yates v. Aiken,* 484 U.S. 211, 217-18 (1988)).

Petitioner's claim relies on the Supreme Court's rulings in *Frye* and *Lafler*, which held that the right to effective assistance extends to the consideration of plea bargains. *See Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012) (failure to

communicate content of plea offer gives rise to ineffective assistance claim); *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (improper advice to reject plea). Respondent asserts that these holdings set out a new rule because neither case began with a general application of the familiar *Strickland* analysis. Instead, the Supreme Court's opinions began by explaining whether the right to counsel includes the consideration of plea offers.[3] Petitioner counters that, even though *Frye* and *Lafler* explained the scope of the right to effective assistance of counsel, both cases merely applied the familiar *Strickland* analysis to a new set of facts and, therefore, did not break new ground.

We agree with Petitioner. Neither case set forth a new rule for the purposes of *Teague*. *See Frye,* 132 S. Ct. at 1409 ("[t]his application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*"); *Lafler,* 132 S. Ct. at 1384 (the "question for this Court is how to apply *Strickland*'s prejudice test where ineffective assistance results in a rejection

---

[3] Respondent further contends the Court's approach in these cases mirrored that used in another case that did announce a new rule—*Padilla v. Kentucky*, 559 U.S. 356 (2010). Respondent finds it significant that, like in *Padilla*, the opinions in *Frye* and *Lafler* do not begin with a general application of *Strickland*, but rather discuss the scope of the right. Implicit in this argument is the notion that a case that fails to begin with a general application of established law is necessarily new. Justice Kennedy has explained in concurrence that "[w]here the beginning point" of the analysis is a rule of "general application, a rule designed for the specific purpose of evaluating a myriad of factual contexts, it will be the infrequent case that yields a result so novel that it forges a new rule, one not dictated by precedent." *Wright v. West,* 505 U.S. 277, 309 (1992) (concurring in judgment). However, Respondent has not demonstrated that the inverse is true.

of the plea offer and the defendant is convicted at the ensuing trial."). In holding that *Frye* and *Lafler* did not break new ground, we concur with the reasoning of another Ninth Circuit panel employed in the context of a second or successive motion:

> [N]either *Frye* nor *Lafler* . . . decided a new rule of constitutional law. The Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington,* 466 U.S. 668, 686 (1984), and established in the plea-bargaining context in *Hill v. Lockhart,* 474 U.S. 52, 106 (1985) . . . Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government.

*Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012).[4]

Respondent further argues that Petitioner is not entitled to an evidentiary hearing because her habeas petition did not set forth a colorable claim for relief. Generally, where a habeas petitioner is unable to develop the factual basis of her claim, "an evidentiary hearing is required if (1) the petitioner has shown her entitlement to an evidentiary hearing pursuant to *Townsend v. Sain,* 372 U.S. 293, 313 (1963), and (2) the allegations, if true, would entitle [her] to relief." *Hurles v. Ryan*, 752 F.3d 768, 791 (9th Cir. 2014) *cert. denied*, 135 S. Ct. 710 (2014).

Under *Townsend*, a federal district court must grant an evidentiary hearing in

---

[4] We also join our sister circuits in this reasoning. *See, e.g.*, *Pagan-San Miguel v. United States*, 736 F.3d 44, 45 (1st Cir. 2013); *In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012).

the present situation: The state court resolved the merits of material factual disputes without affording Petitioner a full and fair hearing or otherwise developing the factual record. *See Townsend*, 372 U.S. at 313; *see also Hurles*, 752 F.3d at 791.

The only remaining question is whether the ineffective assistance of counsel allegations Petitioner presented in her initial habeas petition, if proven true, entitle her to relief.[5] To state a claim for ineffective assistance of counsel, a petitioner must establish deficient performance and prejudice caused by this performance. *Strickland*, 466 U.S. at 687-88.

An attorney's performance is deficient if it falls "below an objective standard of reasonableness" judged "under prevailing professional norms." *Id*. Petitioner's initial habeas petition alleged that her trial counsel advised her that the sentence imposed under the plea—sixteen years to life in prison with the possibility of parole—was functionally the same as the sentence imposed if she were convicted—mandatory life in prison with no possibility of parole. Unquestionably, this advice, if given, was incorrect. The life sentence following conviction was not only mandatory but was also imposed without the possibility of

---

[5] Ostensibly, the state court also based its decision on Petitioner's "fail[ure] to attach any reasonably available documentary evidence." However, Respondent did not properly raise any argument regarding procedural default.

parole.[6]

Respondent counters that, regardless of the advice Petitioner may have received from counsel, the record shows that she was aware of the risks associated with going to trial versus taking the plea deal. Respondent points to statements made by the prosecutor in Petitioner's presence regarding the danger of going to trial and being "convicted of life without parole." Petitioner counters that the prosecutor's comments could not have cured the effect of the improper advice because they do not convey the *mandatory* nature of the sentence. Respondent also cites Petitioner's comments, which indicated that she had spoken with trial counsel regarding the plea and thought she understood the offer. Petitioner counters that her statements do not reveal the content of that advice and, therefore, do not show that she properly understood the plea offer. We agree with Petitioner. The record before the state court did not conclusively show that Petitioner understood the advantages of the plea.

Petitioner also contends that she demonstrated prejudice. Where a plea offer is rejected based on erroneous advice, the petitioner must show prejudice in the following way: (1) a "reasonable probability" that she would have accepted the

---

[6] Petitioner also alleges that counsel's strategy during trial amounted to ineffective assistance of counsel because counsel had a flawed understanding of the case. However, this claim, discussed for the first time in her Traverse, is entirely new and unexhausted. *See Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994) ("a ground for relief is not properly raised in a Traverse").

plea offer; (2) that the plea would have been entered without the prosecutor canceling it or the trial court refusing to accept it; and (3) that the offer was more favorable than the sentence actually imposed. *See Frye*, 132 S. Ct. at 1409; *Lafler*, 132 S. Ct. at 1385-86. In her initial state petition, Petitioner stated that she had originally planned to accept the plea but "decided to take her case to trial" *because of* trial counsel's advice. Respondent contends that Petitioner's statement is insufficient because she does not specifically allege that she would have taken the plea offer "but for" the improper advice. We disagree. Petitioner, who was *pro se* at the time she filed the petition, demonstrated a colorable claim for relief.

Accordingly, we remand to the district court so that it may conduct an evidentiary hearing regarding the ineffective assistance of counsel claim Petitioner raised in her pro se petition in the California Superior Court, i.e. that counsel did not inform her that she faced a mandatory life sentence without the possibility of parole.

Appellee shall bear costs on appeal.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.**