# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 2, 2017

154371

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Joan L. Larsen
Kurtis T. Wilder,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
　　　　　Plaintiff-Appellee,

v

LaTONYA RENAE HOBSON,
　　　　　Defendant-Appellant.

SC: 154371
COA: 331921
Wayne CC: 89-003478-FC

_____/

　　　　On order of the Court, the application for leave to appeal the July 8, 2016 order of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court for an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436 (1973). The trial court shall determine whether trial counsel was ineffective because he misunderstood the law of aiding and abetting and felony murder, and erroneously advised the defendant to reject a plea offer to second-degree murder. In all other respects, leave to appeal is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

　　　　We do not retain jurisdiction.

　　　　MARKMAN, C.J. (*concurring*).

　　　　Defendant, along with a group of people, stormed a house and attacked its occupants. One occupant of the house was killed, two others were shot, and another person was beaten. Before trial, defendant allegedly rejected an agreement to plead guilty to a charge of second-degree murder on the basis of inaccurate advice she had received from her legal counsel. At trial, she was convicted of felony murder. Now, 25 years after rejecting the prosecutor's plea offer, she has raised a claim of ineffective assistance of counsel during the plea-bargaining process.

This Court has not specifically assessed the retroactivity of *Lafler v Cooper*, 566 US 156, 164 (2012). However, other courts have predominantly concluded that *Lafler* creates a retroactive rule. See, e.g., *In re Liddell*, 722 F3d 737, 738 (CA 6, 2013). But

there are courts that have reached a contrary conclusion. See *Winward v State*, 355 P3d 1022, 1028 (Utah, 2015), cert den 136 S Ct 1495 (2016), reh den 136 S Ct 2480 (2016). Without deciding at this time which of these conclusions is correct, I write separately to discuss two issues relevant to the Court's consideration of a *Lafler* claim on collateral review more than two decades after a defendant's direct appeal has concluded.

First, this case should prompt a careful review of this Court's procedural rules, particularly as to whether there is merit in limiting the time within which a defendant may bring a motion for relief from judgment. A reasonable time limitation would alleviate the considerable problems that are associated with the review of long-delayed claims and the current lack of finality in the judicial process. Consider, for example, that under federal law such motions are not only time-limited, but cannot be brought more than one year following the entry of judgment, 28 USC 2244(d), let alone 21 years after judgment, as in the present case. A shortened time frame for the filing of a motion for relief from judgment, while allowing exceptions from such a deadline for a defendant who presents a colorable claim of innocence, would maintain fundamental protections for the criminal offender while ensuring that any process of reconciliation and rehabilitation to be derived from the finality of the criminal appeal can begin earlier rather than later.

Second, the trial court in this case should carefully consider how defendant's delay in raising her claim affects its evaluation of the claim on remand. I believe it is this Court's responsibility to provide guidance to the lower courts regarding how to approach claims of the present nature. There may be some alleged constitutional violations that are easy to recreate and evaluate after significant passages of time, but, in my view, this is not one of them.

A defendant alleging ineffective assistance of counsel must show that counsel's performance was deficient and that the defendant was prejudiced by such performance. *People v Walker*, 497 Mich 894, 895 (2014). More specifically, a defendant alleging ineffective assistance of counsel within the context of plea negotiations " 'must show that counsel's representation fell below an objective standard of reasonableness,' " *Hill v Lockhart*, 474 US 52, 57 (1985), quoting *Strickland v Washington*, 466 US 668, 687-688 (1984), *and* that "but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed," *Lafler*, 566 US at 164. Worthy of particular emphasis, the defendant bears the burden of proving these elements by a reasonable probability. See *Strickland*, 466 US at 694; *People v Hoag*, 460 Mich 1, 6 (1999) ("[D]efendant has the burden of establishing the factual predicate for his claim of ineffective assistance of counsel[.]").

In assessing, on collateral review, the merits of a long-delayed claim of ineffective assistance of counsel during plea bargaining, such as the claim alleged by defendant here, the court should look closely at the prejudice requirement of an ineffective-assistance-of-counsel claim. In weighing whether the defendant has met his or her burden to show prejudice, the court should consider that the prosecutor and/or defense counsel may no longer remember the plea discussions, they may no longer have written records of the case, and they may not even be alive anymore. Given such facts, a defendant may be unable to meet his or her burden to show that counsel provided ineffective advice, that the defendant would have accepted the plea, that the prosecutor would not have withdrawn the plea, and that the court would have accepted its terms. In other words, the court should be cognizant that the defendant will often have a difficult time showing that his or her counsel's alleged deficient performance caused the defendant to suffer prejudice when the defendant waits decades to raise, on collateral review, a claim of ineffective assistance of counsel during plea bargaining. In such circumstances, it would be proper for the court to deny the defendant relief for failure to meet his or her burden.

That the burden to show prejudice must be borne by the defendant, and that the effect of *unnecessary* delay or gamesmanship in bringing a claim must not be borne by the prosecutor, are, in my judgment, critical premises of a long-delayed appellate process. Consider, for example, a defendant convicted of two separate crimes who is serving concurrent sentences of 7 years and 10 years. If that defendant has a claim of ineffective assistance of counsel regarding the *latter* conviction, he should not be permitted to advantage himself by waiting to bring the ineffective-assistance-of-counsel claim until after the *former* sentence has expired. It cannot be that the defendant—who cannot be released before the completion of his shorter sentence—can advantage himself by the fading memory of the prosecutor, the passing of witnesses, or the loss or destruction of court records by waiting to bring the claim until his shorter sentence has expired.

WILDER, J., did not participate because he was on the Court of Appeals panel.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 2, 2017



Clerk

t0530p