# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
                                )
      v.                    )   I.D. No. 0101023931
                                )
Jerome Reed,               )
                                )
    Defendant.         )

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

Submitted: June 21, 2022
Decided: August 15, 2022

*Upon Consideration of Motion for Postconviction Relief,*
**DENIED.**

David Hume, IV, Esquire, Chief Prosecutor, Sussex County, Department of Justice, Georgetown, Delaware, *Attorney for the State of Delaware.*

Jerome B. Reed, James T. Vaughn Correctional Center, Smyrna, Delaware, *Pro Se*.

**CONNER, J.**

This 15th day of August, 2022, it appears to the Court that:

(1)　　An extensive discussion of the underlying facts is unnecessary as this Court is far from the first to address the facts in this matter.[1] The Court is satisfied that the Parties are well aware of the particulars of the case. On April 25, 2022 Jerome Reed ("Defendant") filed the instant motion for postconviction relief ("the Motion"), which is Defendant's eleventh postconviction motion.[2]

(2)　　On October 3, 2001 Defendant was found guilty by a jury of Possession of a Firearm During the Commission of a Felony, Robbery in the First Degree, Burglary in the Second Degree, Kidnapping in the Second Degree, Felony Theft, Theft From a Senior, and Misdemeanor Criminal Mischief. On June 21, 2002 Defendant's convictions and sentences were affirmed on direct appeal to the Delaware Supreme Court.[3]

(3)　　On May 16, 2022 the State filed a response to the Motion. On June 21, 2022 Defendant filed a reply brief. The sole discernible ground for relief presently raised by Defendant is the claim that the Superior Court erred in its May 13, 2019 decision denying Defendant's tenth motion for postconviction relief. Specifically, Defendant claims that the Court's analysis of the ineffective assistance of counsel

---

[1] For additional details *see Reed v. Carroll*, 2005 WL 2086745 (D. Del. Aug. 26, 2005); *Reed v. State*, 121 A.3d 1234, 2015 WL 667525 (Del. 2015) (TABLE); *State v. Reed*, 2007 WL 404772 (Del. Super. Jan. 30, 2007); *State v. Reed*, 2003 WL 22853417 (Del. Super. Aug. 6, 2003).

[2] *See State v. Reed*, 2019 WL 2121100, at *1 (Del. Super. May 13, 2019).

[3] *Reed v. State*, 843 A.2d 696 (Del. 2004).

claim raised in his tenth motion for postconviction relief violated the U.S. Supreme Court decisions in *Lafler v. Cooper*[4] and *Missouri v. Frye*.[5]

(4) When reviewing a postconviction motion, the Court must first consider the procedural requirements of Rule 61.[6]

(5) Subsection (i)(1) states that "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[7] Defendant's Motion violates 61(i)(1) because several years have passed since the conviction became final, and regardless of whether *Lafler* or *Frye* recognized a retroactively applicable right, those two cases were published approximately a decade before the present motion was filed.

(6) Subsection (i)(4) states that, "[a]ny ground for relief that was formerly adjudicated . . . in a postconviction proceeding . . . is thereafter barred."[8] Here, Defendant expressly takes issue with a ground for relief that was formerly

---

[4] 566 U.S. 156, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012).
[5] 566 U.S. 134, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012).
[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[7] Super. Ct. Crim. R. 61(i)(1).
[8] *Id.* 61(i)(4).

3

adjudicated in a postconviction proceeding.[9] Defendant requests "reconsideration" of his 2019 postconviction motion.[10]

(7)    While it initially appears that the Motion clearly violates 61(i)(1) and (4),  sections 61(i)(1)–(4) do not apply to a claim that satisfies either 61(d)(2)(i) or (ii).[11] Thus, the Court must next consider these two subsections.

(8)    Subsection (d)(2)(i) requires a defendant plead "that new evidence exists that creates a strong inference that the movant is actually innocent . . . ."[12]

(9)    Defendant does not allege that such evidence exists, and thus, Defendant has not satisfied the pleading requirements of subparagraph (d)(2)(i).

(10)    Subsection (d)(2)(ii) requires a defendant plead with particularity "that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction . . . invalid."[13]

(11)    Defendant contends that *Lafler* and *Frye* created a new rule of constitutional law. However, such reliance is misguided. The Delaware Supreme Court has affirmed this Court's previous determination that "*Frye* and *Lafler* did not

---

[9] The claim has been extensively litigated. *See State v. Reed*, 2019 WL 2121100, at *1 (Del. Super. May 13, 2019).

[10] Def.'s Mot. for Postconviction Relief at 1.

[11] Super. Ct. Crim. R. 61(i)(5).

[12] *Id.* 61(d)(2)(i).

[13] *Id.* 61(d)(2)(ii).

4

create a newly recognized constitutional right."[14] Therefore, Defendant has not satisfied subsection (d)(2)(ii).

(12) Moreover, the above analysis makes clear that Defendant has not satisfied the procedural requirements of 61(i)(2)(i). That subsection states that no subsequent postconviction motions may be filed unless such a motion satisfies subsections (d)(2)(i) or (ii). For the forementioned reasons, Defendant's eleventh postconviction motion cannot clear this additional procedural barrier.

(13) Defendant does not plead with particularity that either a new rule of constitutional law renders his conviction invalid or that new exculpatory evidence exists. Accordingly, the procedural bars of 61(i)(1), 61(i)(2), and 61(i)(4) all prohibit consideration of Defendant's Motion. Accordingly, Defendant's eleventh motion for postconviction relief is **DENIED**.

---

[14] *State v. Smith*, 2013 WL 1090795, at *2 (Del. Super. Feb. 14, 2013), *aff'd*, 65 A.3d 617 (Del. 2013) (TABLE); *accord In re Graham*, 714 F.3d 1181, 1182 (10th Cir. 2013) ("To date, however, every circuit court to consider the question has held that *Frye* and *Lafler* do not establish a new rule of constitutional law."); s*ee Gallagher v. United States,* 711 F.3d 315, 315–16 (2d Cir. 2013); *Williams v. United States,* 705 F.3d 293, 294 (8th Cir. 2013); *Buenrostro v. United States,* 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King,* 697 F.3d 1189, 1189 (5th Cir. 2012); *Hare v. United States,* 688 F.3d 878, 879, 881 (7th Cir. 2012); *In re Perez,* 682 F.3d 930, 932–34 (11th Cir. 2012).

**IT IS SO ORDERED.**

_/s/ Mark H. Conner_

Mark H. Conner, Judge

cc: Prothonotary